UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDULRAHMAN ALHARBI,

    Plaintiff,

− v. −

GLENN BECK; THE BLAZE, INC.;
MERCURY RADIO ARTS, INC.; AND
PREMIERE RADIO NETWORKS, INC.

    Defendants.

CIVIL ACTION NO.
1:14-cv-11550-PBS

# DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendants Glenn Beck, TheBlaze Inc. (sued as "The Blaze, Inc."), Mercury Radio Arts, Inc. and Premiere Radio Networks, Inc. ("Defendants") respectfully request leave to submit additional authority in support of their opposition to Plaintiff Abdulrahman Alharbi's Motion to Amend Complaint to Add Count for Unjust Enrichment. Plaintiff has assented to Defendants' request.

Apart from the single destabilizing decision cited by Plaintiff,[1] the notion that a plaintiff may claim profits as additional damages for an allegedly defamatory publication is unrecognized in the annals of American jurisprudence. The decision in *Hart v. E.P. Dutton & Co.*, 93 N.Y.S.2d 871 (Sup. Ct. 1949), *aff'd*, 98 N.Y.S.2d 773 (App. Div. 1950), *appeal denied*, 99 N.Y.S.2d 1014 (App. Div. 1950), found after Defendants' initial opposing brief was filed and the

---

[1] *Ventura v. Kyle*, Civ. Action No. 12-472, 2012 WL 6634779 (D. Minn. Dec. 20, 2012). This decision is currently on appeal to the Eighth Circuit.

only case we are aware of that directly addresses the issue raised on the instant motion to amend,[2] makes clear why this is so.

In *Hart*, the plaintiff claimed that a book published in the midst of World War II falsely accused him of being a traitor to the United States. 93 N.Y.S.2d at 873. Asserting an unjust enrichment claim, he sought to recover the profits resulting from the book's publication. *Id.* In rejecting the plaintiff's attempt to avoid the controlling statute of limitations, and in language equally applicable here, the court recognized the complete absence of authority for the "novel proposition" (*id.* at 874) that lost profits could be recovered on a claim essentially sounding in libel:

> Libel has been [the] field of much litigation both in England and this country and during the course of the years many judicial decisions have been handed down in libel actions. ***It is significant that in none of these cases has an action such as is brought by the plaintiff in this case been instituted.*** The plaintiff recognizes this fact and states: 'We are undertaking to prove additional facts never before pleaded in a libel suit, namely, that the defendant had and received money by virtue of his libelous publication.' The absence of attempts to bring an action similar to the instant one is evidence of the recognition by the legal profession and the courts that such an action would not lie under the common law.

*Id.* at 879 (emphasis supplied).

The *Hart* court then emphasized the historic limitation of a defamation plaintiff's remedy to damages for reputational harm:

> The State which guarantees the freedom, punishes its abuse, and accords to the individual whose reputation has been attacked, remedies for the injuries sustained. *The remedies thus given at common law, regulated in certain respects by statute, are called actions of libel and slander, whose object is the recovery of money for the injury.* It is evident that the right to recover based upon libel has been limited to the recovery of damages under the

---

[2] "The question is squarely presented as to whether one who claims to have been damaged by the publication of a libel, under the circumstances alleged in this complaint, may waive the tort and maintain an action in *assumpsit* to recover the proceeds or profits derived from the publication of the libel." *Hart*, 93 N.Y.S.2d at 874.

2

> common law and statutes applicable thereto. It would seem, therefore, that the law is so well established that an innovation such as the plaintiff seeks in this action would impose new and unnecessary hazards upon publishers and would be contrary to the policy of our law.

*Id.* at 880 (emphasis in original) (citation omitted).

Citing *Hart*, a leading treatise concluded that a remedy consisting of profits from an alleged defamatory publication should be disallowed for two compelling reasons, each based on First Amendment concerns:

> One reason to deny the restitution claim is the threat it presents to free speech. Another is the difficulty of apportioning the publisher's profit between his own effort and investment and the defamatory material. The difficulty of making an apportionment is itself an added threat to free speech rights, because an unapportioned recovery of profits from a libel would very likely capture profits from socially desirable speech as well.

Dobbs, LAW OF REMEDIES: DAMAGES − EQUITY − RESTITUTION § 7.2(13), (2d ed.) (1993). These observations require the denial of the proposed restitutionary claim at issue here.

Although decided more than 65 years ago, well before the constitutionalization of libel law in this country, the decision in *Hart* got it exactly right.[3] The prospect of recovering profits from a defamation defendant would lead to unpredictable damage awards in windfall amounts divorced from a state's interest in compensating a plaintiff who can prove actual reputational injury. Such an award would clearly be punitive in nature. It has nothing to do with the harm alleged by a defamation plaintiff. It would permit juries "to punish unpopular opinion rather than to compensate individuals for injury sustained by the publication of a false fact." *Gertz v. Robert Welch, Inc.*, 418 U.S. 343, 349 (1974). It is unquestionably prohibited as a matter of constitutional law in Massachusetts. *Stone v. Essex Cnty. Newspapers, Inc.*, 367 Mass. 849, 860 (1975)

---

[3] *Hart* is cited with approval in the *Restatement (Third) of Restitution and Unjust Enrichment*, § 44 cmt.d, illus. 14 & reporter's note d (2011).

3

(rejecting allowance of punitive damages in defamation actions and affirming that "recovery is limited to actual damages" which are compensatory).

## CONCLUSION

WHEREFORE, Defendants respectfully request leave to submit additional authority in support of their opposition to Plaintiff's Motion to Amend and, for the foregoing reasons, including those set forth in their memorandum of law filed on February 27, 2015, further request that the Court deny Plaintiff's Motion in all respects, and award such other and further relief as the Court deems just and proper.

GREENBERG TAURIG, LLP

Dated:   March 13, 2015

/s/ Zachary C. Kleinsasser
Michael J. Grygiel (Admitted *pro hac vice*)
Zachary C. Kleinsasser (BBO # 664291)
One International Place
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 897-0993
Email:   grygielm@gtlaw.com
         kleinsasserz@gtlaw.com

*Attorneys for Defendants Glenn Beck;*
*TheBlaze Inc.; Mercury Radio Arts, Inc.;*
*and Premiere Radio Networks, Inc.*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel for Defendants have conferred with counsel for Plaintiff in connection with this motion, and Plaintiff's counsel has assented to Defendants' request for leave to submit the additional authority described herein.

/s/ *Zachary C. Kleinsasser*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing on March 13, 2015.

/s/ *Zachary C. Kleinsasser*

*NY 245055360v1*