UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                          |   |                            |
|------------------------------------------|---|----------------------------|
| ABDULRAHMAN ALHARBI                      | ) |                            |
|                                          | ) |                            |
| Plaintiff,                               | ) |                            |
|                                          | ) |                            |
| v.                                       | ) | Civil Action               |
|                                          | ) | No. 14-11550-PBS           |
| GLENN BECK; THE BLAZE, INC.              | ) |                            |
| MERCURY RADIO ARTS, INC.; and            | ) |                            |
| PREMIERE RADIO NETWORKS, INC.,           | ) | **Leave Granted by Court on** |
|                                          | ) | **3/10/2015 (Docket. No. 43)** |
| Defendants.                              | ) |                            |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD COUNT OF UNJUST ENRICHMENT**

The Plaintiff provides this reply to the Defendant's response [Docket No. 41] to the Plaintiff's motion to amend the complaint [Docket No. 40] in accordance with the Court's order authorizing the filing of a response.

Argument

A. Futility is the Governing Standard

The Defendants seek to prevent the filing of the amended complaint by arguing that the amendment would be futile. Under the liberal standards of Rule 15(a) and the standards for asserting an unjust enrichment claim, the Defendants have not demonstrated futility. "The standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss—namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." Amna v. New York State Dep't of Health, 2009 WL 6497844 at *1 (E.D.N.Y. Sept. 3, 2009)  See, Brown v. Bank of Am., Nat.,

1

Ass'n, 2014 WL 7251121, at *9 (D. Mass. Dec. 22, 2014) (Saris, J.) (declining to dismiss unjust enrichment claim because "a plaintiff is entitled to plead alternative theories of recovery"); Sentinel Products Corp. v. Mobile. Co., 2001 WL 92272, at *22 (D. Mass. Jan. 17, 2001) (Saris, J.) (denying summary judgment on unjust enrichment claim because "Courts have recognized a claim where one party is unjustly enriched 'at the expense of the other where 'information confidentially given or acquired was used to the advantage of the recipient at the expense of the one who disclosed the information'").

    B.  <u>The Remedy for Unjust Enrichment is Restitution</u>

In <u>Santagate v. Tower</u>, the Massachusetts Court of Appeals explained the nature of the remedy available for an unjust enrichment claim:

> "[R]estitution is **not damages**; restitution is a restoration required to prevent unjust enrichment." "The fundamental substantive basis for restitution is that the defendant has been unjustly enriched by receiving something, tangible or intangible, that properly belongs to the plaintiff. Restitution rectifies unjust enrichment by forcing restoration to the plaintiff."

64 Mass. App. Ct. 324, 336 (2005) (internal citations omitted) (emphasis added); <u>Heldenfels Bros. v. City of Corpus Christi</u>, 832 S.W.2d 39, 43 (Tex. 1992) (same). Brushing aside this straight-forward description of the operative mechanism of unjust enrichment, Defendants instead concoct a progression of straw-men: the unjust enrichment claim is really an attempt to recover punitive damages; the claim is actually a personal privacy claim; the claim is just another defamation claim. These arguments force Defendants into a series of contradictory arguments that do not establish that the motion to amend would be futile, but instead support the request for leave to add this theory of recovery to the case.

    C.  <u>Response to the Defendants' Four Points</u>

    *1.  <u>Unjust Enrichment is not Precluded because an Adequate Remedy Already Exists</u>*

Contrary to the Defendants' argument, instances in which plaintiffs have maintained claims for both defamation and unjust enrichment within the same action are not extraordinary. See, N. Shore Pharmacy Servs., Inc. v. Breslin Associates Consulting LLC, 491 F. Supp. 2d 111, 119 (D. Mass. 2007) ("By their complaint, North Shore and Value asserted claims against BAC arising out of BAC's delivery of its audit reports to Aurum, including claims for defamation, tortious interference with a business relationship and/or prospective contractual relationship, injurious falsehood, unjust enrichment, and violation of Mass. Gen. Laws ch. 93A."); see also Armenian Assembly of Am., Inc. v. Cafesjian, 597 F. Supp. 2d 128 (D.D.C. 2009) (denying defendant's motion for summary judgment on plaintiff's defamation and unjust enrichment claims); Kraus Indus., Inc. v. Moore, No. CIV.A. 06-00542, 2007 WL 2744194, at *8 (W.D. Pa. Sept. 18, 2007) (denying plaintiff's motion to dismiss counterclaims for unjust enrichment and defamation). The claims are not mutually exclusive.

Furthermore, in addition to Ventura v. Kyle, 2012 WL 6634779 (D. Minn. Dec. 20, 2012), the Court in Diaz Rodriguez v. Torres Martir, directly addressed whether an unjust enrichment claim may be maintained where it was alleged that defendants had been unjustly enriched by their defamatory statements. 394 F. Supp. 2d 389, 392-394 (D.P.R. 2005). On summary judgment, the court allowed the plaintiff, a public figure, to proceed on both his defamation claim and unjust enrichment claim. There, the plaintiff asserted that a physician defamed him by stating that he was a patient of his, and thus unjustly enriched himself due to his status as a public figure. Id. at 394 ("The Court concludes that triable issues of fact remain as to whether defendants were unjustly enriched by publication of plaintiff's photo and the statement that plaintiff was a client of Dr. Torres."); see also Boladian v. UMG Recordings, Inc., 123 F. App'x 165, 169 (6th Cir. 2005) (viability of unjust enrichment claim dependent on the viability

3

of the defamation claim); Hustler Magazine v. Falwell, 485 U.S. 46, 53 (1988) (intentional infliction of emotional distress claim allowable where defaming statements meet constitutional requirements under defamation jurisprudence); cf. WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032 (8th Cir. 2011) (affirming award of damages for loss to reputation and goodwill and damages for unjust enrichment).[1]

The Defendants in their opposition attempt to impose burdens on the Plaintiff that are misplaced at this stage of the pleadings. In In re Processed Egg Products Antitrust Litigation, 851 F.Supp.2d 867 (E. D. Pa. 2012), the court addressed the same issue before the Court in this matter in the context of state law claims alleged under 22 separate state jurisdictions. The defendants sought dismissal of the unjust enrichment claims on the same grounds that the Defendants assert here, namely that the plaintiffs already had an adequate remedy at law. In evaluating this claim in the context of a motion to dismiss, the court stated:

> Consequently, an evaluation of the Defendants' argument simply requires determining whether the absence of an adequate remedy at law is actually an element of the prima facie case for unjust enrichment under the law of a given state—for which Plaintiffs would have the burden of proof. Some jurisdictions may only recognize this legal precept as an affirmative defense or some other equitable consideration, while others may not embrace it in any form.
>
> If the first scenario applies, the Plaintiffs must plead that element of the prima facie claim under state law. If the latter several scenarios apply, Plaintiffs have no obligation to plead the unavailability of an adequate remedy at law. Certainly, when a jurisdiction does not recognize such a legal principle in the context of unjust enrichment, it need not be pled. And even if a jurisdiction recognizes an adequate remedy at law as an affirmative defense or equitable consideration, a plaintiff does not carry the burden of proof, and furthermore generally has no obligation under Federal Rule of Civil Procedure 8 to anticipate and plead in opposition to that defense—except, perhaps, when the defense

---

[1] Aside from a single 65 year old state trial court opinion (Hart v. E.P. Dutton & Co., 93 N.Y.S.2d 871 (Sup. Ct. 1949))—which Defendants acknowledge is "archaic" and has been cited only twice by other courts, neither time for the proposition presented here—the Defendants cite to no other case which directly prohibits the maintenance of an unjust enrichment claim for profits gained by a defendant's defamatory statement. *Defendants' Opposition at p. 6; Defendants' Reply at p. 3*.

4

> will be an inevitable response given what is pled on the face of the complaint. See Fed.R.Civ.P. 8(a); Wright & Miller, supra, § 1276 (recognizing that pleading "allegations that seek to avoid or defeat a potential affirmative defense ... are not an integral part of the plaintiff's claim for relief and lie outside his or her burden of pleading"); id. § 1226 ("The pleader must be careful not to allege facts that constitute a defense to his claim for relief .... A complaint containing [such] a built-in defense usually is vulnerable under Rule 12(b)(6) to a motion to dismiss for failure to state a claim upon which relief can be granted."); see also Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir.1997) (acknowledging that an affirmative defense must be apparent on the face of the complaint to be subject to a Rule 12(b)(6) motion to dismiss).
>
> Furthermore, under any of the aforementioned scenarios, that a complaint alleges an unjust enrichment claim and also brings alternative claims for relief that might constitute adequate remedies at law is of no consequence under the pleading constraints of the Federal Rules of Civil Procedure. Rule 8 allows plaintiffs to plead claims in the alternative despite inconsistencies "in both legal and factual allegations." Indep. Enters. Inc. v. Pittsburgh Water and Sewer, 103 F.3d 1165, 1175 (3d Cir.1997); see Fed.R.Civ.P. 8(d)(2), (3). The Rule "has been interpreted to mean that a court may not construe a plaintiff's first claim as an admission against another alternative or inconsistent claim." Indep. Enters., 103 F.3d at 1175 (internal quotations and brackets omitted). It follows that regardless of whether or not a jurisdiction requires proving the absence of an adequate remedy at law as part of the prima facie claim for unjust enrichment, an unjust enrichment claim cannot be deficient on the grounds that the complaint also alleges claims at law for alternative forms of relief.
>
> As a starting point, the Court concludes that the absence of an adequate remedy at law is not an element of the prima facie case for unjust enrichment under the laws of 9 of the jurisdictions at issue—Florida, Massachusetts, Minnesota, Nevada, New Mexico, North Carolina, South Dakota, Utah, and Vermont. Defendants have cited no authority that disturbs this conclusion. It follows that Plaintiffs are not required to plead factual allegations suggesting such an absence as to those states' unjust enrichment claims.

Id. at 915-917.

The same analysis applies in this case. While the choice of remedies may have some relevance at a later stage in the proceeding, the Plaintiff is entitled to assert his claim for relief under the theory of unjust enrichment and there is no requirement that in order to state a claim he allege the lack of an adequate remedy at law.

5

### 2. *The Claim for Unjust Enrichment is not a Claim for Punitive Damages.*

The purpose of the unjust enrichment claim is to deprive the Defendants of any unjust gain they reaped as a result of the use and publication of the defamatory statements, not to award damages for the defamatory statements themselves. See Santagate v. Tower, supra. (unjust enrichment is not damages but allows a remedy to disgorge unjust gains stemming from defendant's illicit conduct); Walker v. Cotter Properties, Inc., 181 S.W.3d 895, 900 (Tex. App. 2006) (unjust enrichment doctrine "is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution").

Defendants argue that Plaintiff is really seeking a windfall recovery of impermissible punitive damages not available under his defamation claim. "**Restitution is not damages**; restitution is a restoration required to prevent unjust enrichment." Santagate, supra at 336 (emphasis added); Heldenfels Bros. v. City of Corpus Christi, 832 S.W.2d 39, 43 (Tex. 1992) ("Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another."); cf. S.E.C. v. Druffner, 802 F. Supp. 2d 293, 296-297 (D. Mass. 2011) ("Disgorgement is an equitable remedy that 'does not serve to punish or fine the wrongdoer, but simply serves to prevent the unjust enrichment.'"); F. W. Woolworth Co. v. Contemporary Arts, 193 F.2d 162, 167-168 (1st Cir. 1951) *aff'd*, 344 U.S. 228 (1952) ("an infringer's profits from his wrongful act are awarded to the copyright proprietor, not to inflict punishment on the infringer, but as appropriate equitable relief incident to a decree of injunction in order to prevent the

infringer's unjust enrichment"). Defendants are incorrect when they aver that the remedy available for unjust enrichment constitutes punitive damages.[2]

The Defendants' argumentative use of Gertz v. Robert Welch, Inc., 418 U.S. 323, 349 (1974), and its application under Massachusetts law through Stone v. Essex Cnty. Newspapers, Inc., 367 Mass. 849, 860 (1975) (prohibiting punitive damages), as the beginning and end of defamation damages jurisprudence is overly simplistic and limiting. When a set of facts sound in defamation, under Massachusetts law, it does not necessarily mean that additional claims are prohibited. For example, "[d]efamatory statements are actionable under G.L. c. 93A." Dulgarian v. Stone, 420 Mass. 843, 853 (1995) citing A.F.M. Corp. v. Corporate Aircraft Management, 626 F.Supp. 1533, 1551 (D. Mass. 1985)). Thus, just as parties may simultaneously maintain claims for defamation, intentional infliction of emotional distress, and violations of M.G.L. c. 93A, so too may they also maintain a claim for unjust enrichment (which is explicitly not a form of punitive damages).

3. *The Defendants Arguments that Attempt Recharacterize the Plaintiff's Claims as Claims for Invasion of Privacy or Claims for Defamation Elide the Obvious.*

Defendants' on the one hand (Point 3), argue that "Plaintiff is essentially asserting a personal privacy claim masquerading under the rubric of unjust enrichment." *Defendants' Opposition at p. 2*. On the other hand (Point 4), Defendants claim that "Plaintiff's ancillary unjust enrichment claim should be rejected as duplicative of his defamation claims." *Id. at p. 3*. In other words, Plaintiff's unjust enrichment claim is; i) either a personal privacy claim; or ii) a

---

[2] Defendants operate under the false assumption, without any attempt to conduct a choice of law analysis, that Massachusetts law is controlling on the issue of punitive damages. While not necessarily germane to the issue presented by the proposed amended complaint (punitive damages are already alleged in the operative complaint), under Texas law—where the defaming statements were published by Mr. Beck—punitive damages are allowable. *See, e.g.*, *Porter v. Sw. Christian Coll.*, 428 S.W.3d 377, 383 (Tex. App. 2014) (punitive damages are available to a defamation plaintiff where the statements were made maliciously).

7

defamation claim (or somehow both). This false dichotomy omits the obvious. Plaintiff's unjust enrichment claim is simply an unjust enrichment claim. It is not punitive damages. It is not a statutory personal privacy claim. It is not defamation. It is an equitable claim that seeks the return of profits gained from Defendants' publication of defamatory statements, in which they repeatedly claimed that the Plaintiff was a terrorist and "money man" intimately involved in the Boston Marathon bombings. As part of those efforts, Defendants also published the details of the Plaintiffs passport and visa status as well as personal identifying information about him.

Rather than deal with the elements of unjust enrichment, Defendants contort the claim into something that it is not. Defendants devote half of their brief (pp. 10-19) to the theories that "what the proposed amend[ed complaint] is really objecting to is the alleged loss of Plaintiff's right to privacy," or is "simply a restatement of his defamation claim under a different heading." *Defendants' Opposition at pp. 10, 16*.

This can be dealt with easily: Plaintiff has not asserted an invasion of privacy claim or irrationally reasserted his defamation claim under a different heading. Whatever defenses Mr. Beck and his publishers have to an invasion of privacy claim under M.G.L. c. 214, § 1B are irrelevant. It is futile to individually address each one of the cited invasion of privacy cases, because Plaintiff has not asserted an invasion of privacy claim. One point, however, does bear mentioning. Defendants state that "Plaintiff cannot rely on the alleged falsity of the broadcasts for defamation while simultaneously asserting a violation of his privacy dependent on their truth." *Defendants' Opposition at p. 11*. This is wrong. Massachusetts courts permit the pleading of false light invasion of privacy claims. "The tort, articulated in Restatement (Second) of Torts § 652E (1977), imposes liability for invasion of privacy on "[o]ne who gives publicity to a matter concerning another that places the other before the public in a false light...." Yovino v.

8

Fish, 27 Mass. App. Ct. 442, 450 (1989). While not yet formally adopted by the Supreme Judicial Court, it has also not rejected the theory, and Massachusetts trial courts permit the pleading of such actions. See Fox Tree v. Harte-Hanks Communications, Inc., 398 Mass. 845, 848-849 (1986) ("we leave for another day the determination whether Massachusetts will adopt the tort of false light invasion of privacy"); Barnes v. Town of Webster, 2005 WL 2864801, at *1 (Mass. Super. Ct. Oct. 11, 2005) (denying motion to dismiss false light invasion of privacy claim because "plaintiff should have an opportunity to develop his theory of negligent invasion of privacy"). Accordingly, to the extent one is inclined to twist the unjust enrichment claim into an invasion of privacy claim, it would still be viable and amendment of the complaint would not be futile.

The final argument—that the unjust enrichment claim is duplicative of the defamation claim—is itself duplicative of Defendants' first argument, that Mr. Alharbi's current defamation claim is an adequate remedy obviating the need for unjust enrichment. As explained, *supra*, the proposed unjust enrichment claim seeks to disgorge from the Defendants the unjust profits gained by the use of the defamatory statements; it does not seek damages for harm to Mr. Alharbi's reputation. It is not duplicative. See Ventura v. Kyle, 2012 WL 6634779, at *4 (D. Minn. Dec. 20, 2012) ("But Kyle is mistaken to the extent he argues that the unjust-enrichment claim is merely duplicative of the defamation claim. Although they may stem from the same underlying facts, recovery under the two claims is distinct—defamation relates to Ventura's damage while unjust enrichment relates to Kyle's benefit.").

Furthermore, it makes little sense for the Plaintiff to replead a claim this Court has already stated could be maintained. *See December 2, 2014 Memorandum and Order (Docket. No. 30)* (denying motion to dismiss because "[t]he facts alleged in Alharbi's complaint easily

9

permit an inference that the defendants were negligent as to the truthfulness of their reports after the authorities cleared his name"). By equal measure, the argument that the unjust enrichment claim is an "ancillary tort claim" which requires dismissal where there is a viable defense to the primary libel claim, is a reason to the allow the amendment, not deny it for futility. *Defendants' Opposition at p. 17*. The Court has held that Plaintiff has asserted a viable defamation claim. To the extent the unjust enrichment claim is "ancillary," it too must be viable. See Boladian, 123 F. App'x at 169 (viability of unjust enrichment claim dependent on the viability of the defamation claim); Hustler Magazine, 485 U.S. at 53 (intentional infliction of emotional distress claim viable where defamation claim is viable).

## Conclusion

Wherefore, the Plaintiff prays that the Court allow his motion to amend the Complaint by adding a count for unjust enrichment in the form and manner set forth in the proposed amended complaint, and that the Court grant such other and further relief as is just.

    ABDULRAHMAN ALHARBI

    By his attorneys,

    /s/ *Peter J. Haley*
    Peter J. Haley (BBO # 543858)
    Patrick T. Uiterwyk (BBO # 665836)
    NELSON MULLINS RILEY & SCARBOROUGH LLP
    One Post Office Square – 30th Floor
    Boston, Massachusetts 02109-2127
    Telephone:   (617) 573-4700
    Facsimile:   (617) 573-4710
    Email: *peter.haley@nelsonmullins.com*
    Email: *patrick.uiterwyk@nelsonnullins.com*

Dated: April 15, 2015

## CERTIFICATE OF SERVICE

       I, Peter J. Haley, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 15, 2015                    /s/ *Peter J. Haley*
                                                Peter J. Haley