| | |
|---|---|
| ABDULRAHMAN ALHARBI, | ) ) ) |
| Plaintiff, | ) ) |
| − v. − | ) ) ) |
| GLENN BECK; THE BLAZE, INC.; MERCURY RADIO ARTS, INC.; AND PREMIERE RADIO NETWORKS, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO.
1:14-cv-11550-PBS

**Leave Granted by Court on 4/20/2015 [Dkt. No. 49]**

# DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD COUNT FOR UNJUST ENRICHMENT

GREENBERG TRAURIG, LLP

Michael J. Grygiel (Admitted *pro hac vice*)
Zachary C. Kleinsasser (BBO # 664291)
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel.: 617-310-6000
Fax: 617-310-6001
E-mail: grygielm@gtlaw.com
kleinsasserz@gtlaw.com

*Attorneys for Defendants Glenn Beck; TheBlaze Inc.; Mercury Radio Arts, Inc.; and Premiere Radio Networks, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

POINT I     THE CONSTITUTION DOES NOT PERMIT AN AWARD
OF PROFITS AS A REMEDY FOR DEFAMATION .............................................2

POINT II    THE FIRST AMENDMENT PRECLUDES RECOVERY BASED ON
AN IMPERMISSIBLY SUBJECTIVE STANDARD ................................................4

POINT III   PLAINTIFF'S REPLY CONFIRMS THAT HE IS IMPROPERLY
ALLEGING AN INVASION OF PRIVACY CLAIM NOT
RECOGNIZED UNDER MASSACHUSETTS LAW ..............................................6

POINT IV   PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT
BECAUSE HE HAD NO PRE-EXISTING QUASI-CONTRACTUAL
RELATIONSHIP WITH AND CONFERRED NO BENEFIT ON
DEFENDANTS .........................................................................................................7

POINT V    THE CASES CITED BY PLAINTIFF ARE READILY
DISTINGUISHABLE AND/OR INAPPOSITE ........................................................8

    1. *Diaz Rodriguez v. Torres Martir*, 394 F. Supp. 2d 389 (D.P.R. 2005) .............9

    2. *In re Processed Egg Products Antitrust Litig.*, 815 F. Supp. 2d 867
(E.D. Pa. 2012) .................................................................................................10

    3. *Brown v. Bank of Am., Nat'l Ass'n*, 2014 WL 7251121 (D. Mass.
Dec. 22, 2014) (Saris, C.J.) ..............................................................................11

    4. *Sentinel Products Corp. v. Mobile Chemical Co.*, 2001 WL 92272
(D. Mass. Jan. 17, 2001) (Saris, J.) ..................................................................11

    5. *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032
(8th Cir. 2011) ..................................................................................................11

    6. *Kraus Ind., Inc. v. Moore*, 2007 WL 2744194 (W.D. Pa. Sept. 18,
2007) .................................................................................................................12

    7. *Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128
(D.D.C. 2009) ...................................................................................................12

    8. *N. Shore Pharmacy Servs., Inc. v. Breslin Associates Consulting, Inc.*,
491 F. Supp. 2d 111 (D. Mass. 2007) ..............................................................12

CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**

*Adorno v. Crowley Towing & Transportation Co.*,
 443 F.3d 122 (1st Cir. 2006) ..................................................................................10

*Albright v. Morton*, 321 F. Supp. 2d 130 (D. Mass. 2004) ................................................7

*Armenian Assembly of Am., Inc. v. Cafesjian*,
 597 F. Supp. 2d 128 (D.D.C. 2009) .......................................................................12

*Beverly Hills Foodland v. United Food & Commercial Workers Union*,
 39 F.3d 191 (8th Cir. 1994) .....................................................................................5

*Bose Corp. v. Consumers Union*, 466 U.S. 485 (1984) .....................................................4

*Brown v. Bank of Am., Nat'l Ass'n*,
 2014 WL 7251121 (D. Mass. Dec. 22, 2014) .......................................................11

*Canney v. City of Chelsea*, 925 F. Supp. 58 (D. Mass. 1996) ...........................................6

*Continental Cablevision, Inc. v. Storer Broadcasting Co.*,
 653 F. Supp. 451 (D. Mass. 1986) ......................................................................3 n.2

*Dasey v. Anderson*, 304 F.3d 148 (1st Cir. 2002) ..............................................................6

*Diaz Rodriguez v. Torres Martir*,
 394 F. Supp. 2d 389 (D.P.R. 2005) ..................................................................... 8-10

*FCC v. Pacifica Foundation*, 438 U.S. 762 (1978) ............................................................6

*Fernandes v. Havkin*, 731 F. Supp. 2d 103 (D. Mass. 2010) .............................................8

*Gertz v. Robert Welch, Inc.*, 418 U.S. 343 (1974) .............................................................3

*Hustler Magazine v. Falwell*, 485 U.S. 46 (1988) ........................................................4, 5

*In re Processed Egg Products Antitrust Litig.*,
 815 F. Supp. 2d 867 (E.D. Pa. 2012) ................................................................ 10-11

*Kerr v. Vince*, 2010 WL 1416511
 (D. Mass. Apr. 1, 2010) ...........................................................................................8

*Kraus Ind., Inc. v. Moore*, 2007 WL 2744194
 (W.D. Pa. Sept. 18, 2007) .....................................................................................12

*Massachusetts v. Mylan Laboratories*,
 357 F. Supp. 2d 314 (D. Mass. 2005) ...................................................................10

*Mayfield v. NASCAR, Inc.*, 674 F.3d 369 (4th Cir. 2012)...........................................................11

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990)....................................................................8

*Moore v. Weinstein Co.*,
    2012 WL 1884758 (M.D. Tenn. May 23, 2012)....................................................................7

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).............................................................5 n.5

*North Shore Pharmacy Services, Inc. v. Breslin Associates Consulting, Inc.*,
    491 F. Supp. 2d 111 (D. Mass. 2007)....................................................................................12

*Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447 (1978)..............................................................9 n.6

*Osby v. A&E Television Networks and Kurtis Productions, Ltd.*,
    No. CIV. A. 96-7347, 1997 WL 338855 (E.D. Pa. Jan. 17, 1997).....................................3 n.2

*Reed v. Zipcar, Inc.*, 883 F. Supp. 2d 329 (D. Mass. 2012)............................................................8

*Ruzicka v. Condé Nast Publications, Inc.*,
    733 F. Supp. 1289 (D. Minn. 1990)..............................................................................9, 9 n.6

*Sentinel Products Corp. v. Mobile Chemical Co.*,
    2001 WL 92272 (D. Mass. Jan. 17, 2001) ...........................................................................11

*Smith v. Zipcar, Inc.*, 13-cv-11430,
    2013 WL 6720613 (D. Mass. Dec. 19, 2013).......................................................................11

*Snyder v. Phelps*, 562 U.S. 443, 131 S. Ct. 1207 (2011)....................................................4, 4 n.3, 5

*United States v. Playboy Ent. Group, Inc.*, 529 U.S. 803 (2000) ...................................................6

*WWP, Inc. v. Wounded Warriors Family Support, Inc.*,
    628 F.3d 1032 (8th Cir. 2011) ..............................................................................................11

**State Cases**

*Draghetti v. Chmielewski*, 416 Mass. 808 (1994)...........................................................................3

*ELM Med. Lab., Inc. v. RKO Gen., Inc.*, 403 Mass. 779 (1989) ................................................ 6-7

*Jones v. Taibbi*, 400 Mass. 786 (1987) ...........................................................................................3

*Lakian v. Globe Newspaper Co.*, 399 Mass. 379 (1987) ................................................................3

*Salamon v. Terra*, 294 Mass. 857 (1985) ...................................................................................5, 7

*Santagate v. Tower*, 64 Mass. App. Ct. 324 (2005)...............................................................5 n.5, 8

*Shafir v. Steele*, 431 Mass. 365 (2000) ...................................................................................3

*Stone v. Essex Cnty. Newspapers, Inc.*, 367 Mass. 849 (1975) ............................................3, 5 n.5

*Tosti v. Ayik*, 394 Mass. 482 (1985)........................................................................................3

**Other Authorities**

Arthur L. Corbin, CONTRACTS § 19 (1963) ...............................................................................5

M.G.L c. 214 § 1B ...................................................................................................................7

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 150(2) (1971) ...........................................3 n.2

RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT
  § 44(3)(b) (2011)............................................................................................................ 3-4

## PRELIMINARY STATEMENT

As authorized by the Court, Defendants respectfully submit this sur-reply brief in response to Plaintiff's Reply to Defendants' Opposition to Motion for Leave to File Amended Complaint to Add Count of Unjust Enrichment[1] [Dkt. No. 47] electronically filed on April 15, 2015 − a delay of thirty-five (35) days after receiving permission from this Court to file the reply [Dkt. No. 43]. This sur-reply addresses the principal arguments raised for the first time in Plaintiff's reply.

As Plaintiff would have it, the assertion of claims sounding in defamation and unjust enrichment in the same case is "not extraordinary." (Pl. Rep. Br., 3) What is extraordinary, however, is the maintenance of the latter claim based on the very same speech giving rise to the former. That is precisely what the proposed amendment attempts to do here, which necessarily implicates First Amendment considerations. With a single irrelevant exception, Plaintiff's reply ignores this critical distinction of constitutional dimension. None of the other garden variety commercial dispute cases he cites involves an unjust enrichment claim predicated, as here, solely on allegedly actionable speech.

The proposed unjust enrichment claim violates the First Amendment in two critical respects. First, defamation cases in America do not result in monetary awards based on profits received by defendants. As reinforced below, the law of libel is based on the constitutional principle that a prevailing plaintiff may recover damages for proven harm to reputation. Because an unjust enrichment award is intended solely to disgorge profits derived from allegedly false speech − *not* to compensate a plaintiff for actual injury − it is precluded by the First Amendment.

---

[1] Plaintiff's Reply to Defendants' Opposition to Motion for Leave to File Amended Complaint to Add Count of Unjust Enrichment dated April 15, 2015, is cited to herein by page as "(Pl. Rep. Br., ___)." This sur-reply brief continues the convention of referring by paragraph to the [Proposed] First Amended Complaint and Demand for Trial by Jury [Dkt. No. 40-1] as "(PFAC ¶ ___)."

Plaintiff's reply does nothing to dispel the conclusion that the PFAC amounts to an expedient attempt to latch onto a windfall damages award that is constitutionally unavailable.

Second, the proposed amendment would allow speech about a public figure and/or matter of public concern to be penalized based on an unacceptably subjective standard. According to Plaintiff, speech can apparently be deemed too "unjust" to receive protection under the First Amendment. This notion would drastically rewrite our nation's established free speech jurisprudence, and cannot pass constitutional muster. Nowhere in his reply does Plaintiff come to grips with the fundamental principle that where, as here, an adequate remedy at law is available in the form of a defamation claim, permitting an equitable, quasi-contractual "theory of recovery" (Pl. Rep. Br., 2) because speech on public issues is regarded as "unjust" cannot be reconciled with the First Amendment.

To sustain an unjust enrichment claim in this context, this Court would have to recognize a new category of speech entirely outside the First Amendment's protection − speech that purportedly "unjustly" benefits the speaker. The U.S. Supreme Court has left no doubt that there is no such category. The proposed amendment − based on allegedly defamatory speech − flouts established precedent, distorts Massachusetts common law, and violates the First Amendment.

Plaintiff's motion should be denied on the ground that his novel unjust enrichment claim is futile.

**POINT I**

**THE CONSTITUTION DOES NOT PERMIT AN AWARD
OF PROFITS AS A REMEDY FOR DEFAMATION**

The law of libel is clear in Massachusetts that, while damages may be recoverable by those who can satisfy the rigorous elements of a defamation claim, in order to protect the "First Amendment values . . . at stake" all such awards are limited to compensation for actual injury to

reputation sustained by plaintiffs. *Stone v. Essex Cnty. Newspapers, Inc.*, 367 Mass. 849, 861 (1975); *Tosti v. Ayik*, 394 Mass. 482, 496 (1985) (a defamation plaintiff "is entitled only to fair compensation for his actual damages"); *Jones v. Taibbi*, 400 Mass. 786, 797 (1987) (same); *Lakian v. Globe Newspaper Co.*, 399 Mass. 379, 383 (1987) (same); *Draghetti v. Chmielewski*, 416 Mass. 808, 815 (1994) (same); *Shafir v. Steele*, 431 Mass. 365, 373 (2000) (same). Consistent with its sister courts across the country, no Massachusetts court of which we are aware − federal or state − has ever permitted an award for amounts claimed to have been *received* by a defamation defendant, under the guise of unjust enrichment or otherwise.[2]

Irrespective of whether Plaintiff labels the recovery he hopes to obtain as the "return of profits" (Pl. Rep. Br., 8), "unjust profits" (*id.*, 9), "unjust gain" (*id.*, 6) or "restitution" (*id.*, 2), his proposed amendment disregards the Supreme Court's admonition that a state's interest in affording its citizens a cause of action for defamation extends *"no further"* than compensating them for proven reputational harm. *Gertz v. Robert Welch, Inc.*, 418 U.S. 343, 349 (1974) (emphasis supplied). As the *Gertz* Court expressly cautioned, the states have no substantial interest in permitting defamation plaintiffs to reap "gratuitous awards of money damages far in excess of any actual injury." *Id.*; *see also Restatement (Third) of Restitution and Unjust*

---

[2] Although Plaintiff chose to commence this action in federal district court in Massachusetts, seeks to amend his Complaint to add a cause of action for unjust enrichment under Massachusetts common law [Dkt. No. 40, ¶¶ 8-11], and has relied almost exclusively on Massachusetts case law in his briefing on the instant motion, he nevertheless intimates, without any citation to controlling authority, that Texas law somehow governs the availability of defamation damages in this case. (Pl. Rep. Br., 7 n.2) This suggestion should be rejected as a transparent attempt to evade the stringent limitations imposed on the recovery of damages by a libel plaintiff under both the First Amendment and Massachusetts law, as established by the authorities cited above in the text. Further, it ignores that under a traditional choice of law analysis, the state where the plaintiff is domiciled and has elected to bring the action presumptively has the strongest interest in having its law applied in a defamation case where publication has occurred in multiple states. *See Continental Cablevision, Inc. v. Storer Broadcasting Co*., 653 F. Supp. 451, 455 (D. Mass. 1986) (holding that "[i]n a case of multi-state publication, the Restatement suggests that either the law of the state of residence of the plaintiff, or the law of the state 'where the defamatory communication caused plaintiff the greatest injury to its reputation' should apply"); *Osby v. A&E Television Networks and Kurtis Productions, Ltd.*, No. CIV. A. 96-7347, 1997 WL 338855, at *3 (E.D. Pa. Jan. 17, 1997) (citing *Restatement (Second) of Conflict of Laws* § 150(2) (1971)). Plaintiff is, of course, a resident of Massachusetts and any alleged damages to his reputation would have been centered in Massachusetts. (Compl. ¶ 2)

*Enrichment* § 44(3)(b) (2011) (restitution will be denied "to the extent it would result in an inappropriate windfall to the claimant").

That is precisely the constitutional limitation Plaintiff's motion seeks to circumvent here.

## POINT II

### THE FIRST AMENDMENT PRECLUDES RECOVERY BASED ON AN IMPERMISSIBLY SUBJECTIVE STANDARD

The broadcasts challenged by Plaintiff undeniably addressed matters of public concern[3] − *i.e.*, Plaintiff's identification and interrogation by law enforcement authorities as a person of interest in connection with the Boston Marathon bombings, and the efficacy of the United States government's efforts in investigating and preventing terrorist attacks to protect homeland security.[4] Where such speech is at issue, the First Amendment does not permit judges or juries to impose liability under a "highly malleable standard with 'an inherent subjectiveness about it. . . .' " *Snyder v. Phelps*, 131 S. Ct. at 1219 (quoting *Hustler Magazine v. Falwell*, 485 U.S. 46, 55 (1988)). Otherwise, fact finders could "impose liability on the basis of the[ir] tastes or views, or perhaps on the basis of their dislike of a particular expression" or speaker. *Falwell*, 485 U.S. at 55. An inherently subjective standard presents "a real danger of becoming an instrument for the suppression of . . . vehement, caustic, and sometimes unpleasant[t] expression," speech at the heart of the First Amendment's protections. *Snyder*, 131 S. Ct. at 1219 (quoting *Bose Corp. v. Consumers Union*, 466 U.S. 485, 510 (1984) (internal quotation marks omitted)).

---

[3] As the Supreme Court has explained:
   Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, … or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.
*Snyder v. Phelps*, 131 S. Ct. 1207, 1216 (2011).

[4] As this Court has stated, "there is no question that a public controversy existed, whether it is framed narrowly as a debate over who was responsible for the Marathon bombings, or more broadly as part of an ongoing discussion about public safety, national security, and terrorism." [Dkt. No. 30, p. 9]

4

Massachusetts courts have acknowledged that " '[C]onsiderations of equity and morality play a large part . . . in constructing a quasi-contract . . . .' " *Salamon v. Terra*, 394 Mass. 857, 859 (1985) (quoting 1 A. Corbin, CONTRACTS § 19 (1963)).  Plaintiff's proposed cause of action for unjust enrichment, derived solely from high-value speech concerning important public policy issues, is therefore necessarily premised on an amorphous assessment of whether the expression "unjustly" or "unconscionably" enriched the defendant − the very type of subjective, imprecise and malleable standard rejected by the Supreme Court in *Snyder* and *Falwell*.  *Cf. Beverly Hills Foodland v. United Food & Commercial Workers Union*, 39 F.3d 191, 196 (8th Cir. 1994) (finding in defamation context that " '[u]nfair' is a term requiring a subjective determination" inconsistent with First Amendment).  While such a subjective standard may befit a contract-based unjust enrichment claim,[5] as a matter of constitutional principle it may not supply the measure by which liability is sought to be imposed on the broadcasts at issue in this case − Defendants' *speech* subject to First Amendment protection.

Plaintiff offers no answer to the disavowal in *Hustler* and *Snyder* that a principled test can be applied to determine whether "unjust" speech falls beneath the dignity of the First Amendment. *Hustler Magazine v. Falwell*, 485 U.S. at 55 ("[W]e doubt that there is any such standard, and we are quite sure that the pejorative description 'outrageous' does not supply one.").  If the answer is

---

[5] The inherent subjectivity of an unjust enrichment claim is epitomized by its description in *Santagate v. Tower*, a domestic relations case cited at page 2 of Plaintiff's reply brief:  "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." 64 Mass. App. Ct. 324, 329 (2005) (internal quotations and citations omitted).  The application of such standardless discretion is anathema to the First Amendment, which requires regulatory precision to ensure ample breathing space in which expression may flourish.  *New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964).  An expositor of controversy is likely to defer to silence over expression if his words are to be judged by such an imprecise and boundless measure, resulting in "apprehensive self-censorship" (*Stone v. Essex Cnty. Newspapers*, 367 Mass. at 860) inimical to our constitutional system's strong preference for robust and uninhibited discourse on public issues.  *Sullivan*, 376 U.S. at 269 (the First Amendment protects the "prized American privilege to speak one's mind, although not always with perfect good taste, on all public [issues]") (citations omitted).

that Defendants' broadcasts here are especially "unjust" or unfair, that response fails to provide either an intelligible standard or a justification for censorship. "The history of the law of free expression is one of vindication in cases involving speech that many citizens find shabby, offensive or even ugly." *United States v. Playboy Ent. Group, Inc.*, 529 U.S. 803, 826 (2000). In this regard, Plaintiff's proposed theory of recovery has the cardinal constitutional point precisely backwards − the Supreme Court has frequently acknowledged that speech serves an important function when it is provocative or invites dispute or is perceived as "unjust."

> [T]he fact that society may find speech offensive is not a sufficient reason for suppressing it. Indeed, if it is the speaker's opinion that gives offense, that consequence is a reason for according it constitutional protection. For it is a central tenet of the First Amendment that the government must remain neutral in the marketplace of ideas.

*FCC v. Pacifica Foundation*, 438 U.S. 762, 745-46 (1978).

## POINT III

### PLAINTIFF'S REPLY CONFIRMS THAT HE IS IMPROPERLY ALLEGING AN INVASION OF PRIVACY CLAIM NOT RECOGNIZED UNDER MASSACHUSETTS LAW

Plaintiff's disclaimer of an invasion of privacy claim is belied by his objection to Defendants' alleged publication of his "passport and visa status as well as personal identifying information about him." (Pl. Rep. Br., 8) Whatever label Plaintiff chooses to affix, this is a privacy-based claim, pure and simple. *See* PFAC ¶ 34 (Defendants allegedly broadcast "personal information" about Plaintiff's "private life"). Plaintiff's insistence that he is entitled to *plead* a false light invasion of privacy claim cannot obscure that, as the First Circuit has unequivocally stated, "Massachusetts does not recognize a cause of action for false light invasion of privacy." *Dasey v. Anderson*, 304 F.3d 148, 154 (1st Cir. 2002) (citing *Canney v. City of Chelsea*, 925 F. Supp. 58, 70 (D. Mass. 1996) and *ELM Med. Lab., Inc. v. RKO Gen., Inc.*, 403

6

Mass. 779, 787 (1989)). It also ignores that the only branch of privacy tort recognized in Massachusetts is statutory and requires the disclosure of "highly personal or intimate" (M.G.L. ch. 214, § 1B) information that is *true*. *Albright v. Morton*, 321 F. Supp. 2d 130, 140 (D. Mass. 2004) (rejecting plaintiff's statutory invasion of privacy claim because it "sounds in defamation, not invasion of privacy, because he objects to the making of a *false* statement, not the revelation of private information") (emphasis in original).

A privacy claim in Massachusetts is thus incompatible with the Complaint's defamation counts, which rest on the alleged *falsity* of the broadcasts complained of. *Id*. Because it rests on the publication of those same broadcasts, the proposed amendment is futile.

# POINT IV

## PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE HE HAD NO PRE-EXISTING QUASI-CONTRACTUAL RELATIONSHIP WITH AND CONFERRED NO BENEFIT ON DEFENDANTS

Under Massachusetts law, the application of unjust enrichment is limited to claims premised on an implied or quasi-contract between the claimant and the party alleged to be unjustly enriched. *Salamon v. Terra*, 294 Mass. at 859 ("The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to another party."). The proposed amendment cannot stand here, as Plaintiff fails to allege any promise or privity between the parties such that Defendants owed him a contract-like pre-existing legal obligation. *Accord, Moore v. Weinstein Co.*, 2012 WL 1884758, at *49 (M.D. Tenn. May 23, 2012) (rejecting unjust enrichment claim based on infringement of privacy and trademark rights because it was "unclear why a quasi-contractual theory would even apply to the circumstances of this case"), *aff'd*, 545 Fed. Appx. 405 (6th Cir. 2013).

Moreover, Plaintiff has not alleged − and cannot allege − that he bestowed a benefit on Defendants, the retention of which is unjust and requires that this Court shift the benefit back to Plaintiff. *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass. 2010); *Kerr v. Vince*, 2010 WL 1416511, at *19 (D. Mass. Apr. 1, 2010) ("First, there is no evidence of a benefit conferred upon defendants by plaintiff. A benefit for purposes of an unjust enrichment claim is any form of advantage that has a measurable value, including the advantage of being saved from an expense or loss.") (citation and internal quotations omitted)).

Plaintiff's defamation claim precludes an equitable claim for unjust enrichment. *Santagate v. Tower*, 64 Mass. App. Ct. at 329. The viability of that claim "is beside the point; its 'mere availability' bars h[is] claim[] for unjust enrichment . . . ." *Reed v. Zipcar, Inc.*, 883 F. Supp. 2d 329, 334 (D. Mass. 2012) (granting Rule 12(b)(6) motion and dismissing unjust enrichment claim based on availability of remedy at law). *See, e.g., Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 23 (1990) ("[I]mperfect though it is, an *action for damages* is the *only* hope for vindication or redress the law gives to a man whose reputation has been falsely dishonored.") (emphasis supplied; internal quotations omitted).

### POINT V

### THE CASES CITED BY PLAINTIFF ARE READILY DISTINGUISHABLE AND/OR INAPPOSITE

Plaintiff's putative unjust enrichment claim concededly arises "as a result of the use and publication" (Pl. Rep. Br., 6) of the same broadcast statements challenged in his libel claims. Unlike prototypical quasi-contractual unjust enrichment claims, it therefore necessarily implicates the serious constitutional free speech concerns addressed above. However, the *only* additional case Plaintiff cites in which an unjust enrichment claim was predicated on an allegedly defamatory publication is *Diaz Rodriguez v. Torres Martir*, 394 F. Supp. 2d 389 (D.P.R. 2005)

which, for the reasons discussed below, is easily distinguishable. The other principal cases Plaintiff relies on do not involve the extraordinary circumstance of the equitable theory of unjust enrichment proceeding on a publication also allegedly actionable in defamation. Indeed, certain of those cases do not even involve a defamation claim.

### 1. *Diaz Rodriguez v. Torres Martir*, 394 F. Supp. 2d 389 (D.P.R. 2005).

Plaintiff cannot avoid the conclusion that the proposed amendment fails to state a viable claim for unjust enrichment by relying on *Diaz Rodriguez v. Torres Martir*. In that case the plaintiff, a television program host and "well-known media personality," sued a magazine and physician (Dr. Torres) based on the publication of an advertisement that included the plaintiff's photograph in featuring him as one of the doctor's patients. 394 F. Supp. 2d at 391-92. The co-defendants conceded that the plaintiff had never been a client of the doctor's. *Id.* at 392, 393. Based on these facts, the court denied summary judgment on the plaintiff's defamation and unjust enrichment claims in finding that the co-defendants "have benefited financially from the publication of his photograph and the statement that he is a client of Dr. Torres." *Id.* at 394. *Diaz* therefore falls squarely within the limitation on a cause of action for unjust enrichment recognized in *Ruzicka v. Condé Nast Publ., Inc.*, 733 F. Supp. 1289, 1301 (D. Minn. 1990), where a plaintiff can demonstrate that the benefit unjustly received resulted from "a deliberate association with the defendant's products in an advertising or promotional scheme."[6] In contrast, this is clearly not a situation where a famous individual's "image and persona" was used without authorization "in order to promote or endorse products and services." *Diaz Rodriguez*, 394

---

[6] In dismissing the unjust enrichment claim asserted in *Ruzicka*, the district court held that "[i]n cases involving allegations of wrongful publication, a publisher is not held to have received a benefit merely because it referred to plaintiff in a magazine that was published for profit." 733 F. Supp. at 1301; *aff'd*, 939 F.2d 578, 583 n.8 (8th Cir. 1991). Unlike on the instant motion, there is no constitutional barrier to an award of profits in commercial misappropriation cases because such speech receives significantly less protection under the First Amendment. *See, e.g., Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978).

F. Supp. 2d at 394. Plaintiff does not − and cannot − allege that the "improper use of his image and name during the height of his career augmented the value" of the broadcasts he disputes by providing Defendants with "beneficial advertising" for which he was not compensated. *Id*. Rather, the challenged speech concerned matters of pressing public interest, and did not constitute an advertisement or promotion of any sort.

### 2. *In re Processed Egg Products Antitrust Litig.*, 815 F. Supp. 2d 867 (E.D. Pa. 2012).

Plaintiff's lengthy quotation from *In re Processed Egg Products Antitrust Litig.*, 815 F. Supp. 2d 867 (E.D. Pa. 2012), at pages 4-5 of his reply brief amounts to an extended exercise in irrelevancy. First, the case was a multi-jurisdiction class action brought by indirect purchasers against producers of domestic egg products that alleged price-fixing in violation of antitrust and various state consumer protection laws. *Id.* at 875. The companion unjust enrichment claims had nothing to do with defamation (*id.* at 912), and therefore no First Amendment considerations were implicated in the case. Second, the Pennsylvania district court erroneously concluded that the absence of an adequate remedy at law was not a requisite element of an unjust enrichment claim under Massachusetts law. *Id.* at 916. To the contrary, Plaintiff's motion to amend concedes that the lack of an adequate legal remedy is a *prima facie* element of unjust enrichment in Massachusetts [Dkt. No. 40, ¶ 8, citing *Massachusetts v. Mylan Laboratories*, 357 F. Supp. 2d 314, 324 (D. Mass. 2005)], and Plaintiff has specifically pleaded the element in paragraph 38 of the PFAC. The viability of the proposed amendment on this ground thus defaults to whether Plaintiff has pleaded sufficient facts which plausibly support the absence of an adequate remedy at law. *See Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). Plaintiff has failed to do so, and the PFAC should be dismissed as futile.

Unlike the Arizona plaintiffs in *Processed Egg Products Antit. Litig.*, whose complaint detailed why their available legal remedies were insufficient to prevent the defendants from unjustly retaining their illegal profits from sales of egg products at artificially inflated prices, Plaintiff has offered nothing other than a threadbare recital of this element of his proposed cause of action. (PFAC ¶ 38)  "This kind of conclusory allegation − a mere recitation of the legal standard − is precisely the sort of allegation[] that *Twombly* and *Iqbal* rejected." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The proposed Amended Complaint specifies no facts whatsoever as to why his defamation claim is inadequate to provide a remedy for any alleged reputational injury. Instead, Plaintiff resorts merely to an unadorned boilerplate allegation that is insufficient to stave off dismissal on grounds of futility. *Smith v. Zipcar, Inc.*, 13-cv-11430, 2013 WL 6720613, at *2 (D. Mass. Dec. 19, 2013) (Saris, C.J.) ("Dismissal for failure to state a claim is appropriate where pleadings fail to set forth factual allegations respecting each element necessary to sustain recovery under a legal theory.").

3. *Brown v. Bank of Am., Nat'l Ass'n*, 2014 WL 7251121 (D. Mass. Dec. 22, 2014) (Saris, C.J.).

4. *Sentinel Products Corp. v. Mobile Chemical Co.*, 2001 WL 92272 (D. Mass. Jan. 17, 2001) (Saris, J.).

5. *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032 (8th Cir. 2011).

The above cases are inapposite with respect to the proposed amendment. They did not even involve defamation claims. The assertion of alternative unjust enrichment claims in standard commercial contexts (bank mortgage foreclosure, breach of contract/trade secrets misappropriation and deceptive trade practice cases, respectively) therefore did not implicate any First Amendment considerations.

6. *Kraus Ind., Inc. v. Moore*, 2007 WL 2744194 (W.D. Pa. Sept. 18, 2007).

7. *Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128 (D.D.C. 2009).

In the two decisions above, unjust enrichment and defamation were brought as separate theories of recovery. Unlike on the instant motion, however, the equitable claim was *not* based on the very publication giving rise to the defamation claim, but rested on an entirely independent ground. Thus, again, constitutional free speech entailments were not part of the courts' analyses, as they must be here.

8. *N. Shore Pharmacy Servs., Inc. v. Breslin Associates Consulting, Inc.*, 491 F. Supp. 2d 111 (D. Mass. 2007).

Finally, a careful reading of the above opinion confirms that its analysis was limited to denying summary judgment on various counterclaims asserted by a corporate defendant and individual counterclaim plaintiffs, which counterclaims did not include unjust enrichment. The unjust enrichment and defamation claims asserted by the plaintiffs were not addressed and did not factor into the court's decision, which therefore does not stand for the proposition cited by Plaintiff.

## **CONCLUSION**

Based on the foregoing reasons and authority, and those set forth in their memorandum of law filed on February 27, 2015 [Dkt. No. 41] and supplemental authority filed on March 13, 2015 [Dkt. No. 44], Defendants respectfully request that the Court deny in all respects Plaintiff's Motion to Add Count for Unjust Enrichment [Dkt. No. 40], together with such other and further relief as the Court deems just and proper.

GREENBERG TRAURIG, LLP

Dated: April 21, 2015

 /s/ Zachary C. Kleinsasser
Michael J. Grygiel (Admitted *pro hac vice*)
Zachary C. Kleinsasser (BBO # 664291)

One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 897-0993
Email: grygielm@gtlaw.com
kleinsasserz@gtlaw.com

*Attorneys for Defendants Glenn Beck;
TheBlaze Inc.; Mercury Radio Arts, Inc.;
and Premiere Radio Networks, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing on April 21, 2015.

                                                */s/ Zachary C. Kleinsasser*

ALB 1854148v2