UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABDULRAHMAN ALHARBI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLENN BECK; THE BLAZE, INC. )<br>MERCURY RADIO ARTS INC,; AND )<br>PREMIERE RADIO NETWORKS, INC. )<br>)<br>Defendants. )<br>)<br>) | CIVIL NO. 14-11550-PBS |

**MEMORANDUM AND ORDER**

May 5, 2015

SARIS, Chief Judge.

On February 13, 2015, Plaintiff moved to amend the complaint and add a count for unjust enrichment. The basic theory is that defendants were unjustly enriched by advertising and subscriber revenue by defaming defendant as the financier of the Marathon bomber. Defendants opposed the motion as futile.[1]

A court should freely give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). "Rule 15(a) reflects a liberal amendment policy." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). "If the underlying facts or circumstances relied

---

[1] The Court assumes familiarity with the facts of the case. See Alharbi v. Beck, __ F.Supp.3d __, 2014 WL 6770012 (D.Mass. Dec. 2, 2014) (denying Defendants' motion to dismiss for failure to state a claim).

1

upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

"A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Nat'l Shawmut Bank of Boston v. Fidelity Mut. Life insurance Co., 318 Mass. 142, 61 N.E.2d 18, 20 (1945). A plaintiff asserting a claim for unjust enrichment must establish "not only that the defendant received a benefit, but also that such a benefit was unjust." Metropolitan Life Ins. Co., v. Cotter, 464 Mass. 623, 644, 984 N.E. 2d 835, 851 (2013). The Supreme Judicial Court recently enumerated the kinds of claims for which restitution is appropriate, such as those "involving fraud, bad faith, violation of a trust or breach of duty; [] 'business torts' such as unfair competition and claims for infringement of trademark or copyright; and in some circumstances, [] disputes arising from quasicontractual relations." Id. Absent from the roster is defamation. However, in a related context, "Massachusetts courts have recognized that misuse of confidential information may lead to unjust enrichment." Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009).

Caselaw in other courts on the right to unjust enrichment in a claim for defamation is limited and divided. See Miracle v. New Yorker Magazine, 190 F. Supp. 2d 1192, 1203 (D.Haw. 2001)

(rejecting unjust enrichment claim during summary judgment because plaintiff failed to demonstrate how she conferred a benefit on the defendant's publication or that the article was defamatory); Diaz Rodriquez v. Torres Martir, 394 F. Supp. 2d 389, 394 (D.P.R. 2005) (denying defendants' motion for summary judgment because defendants may have been unjustly enriched by falsely associating plaintiff's name and image with defendant's cosmetic clinic); Ventura v. Kyle, 2014 WL 6687499 (D. Minn. Nov. 26, 2014), appeal docketed, No. 14-3876 (8th Cir. Dec. 23, 2014) (denying defendant's motion for judgment as a matter of law where defendant was unlawfully enriched by defaming the plaintiff and plaintiff's legal remedy was inadequate). In light of the caselaw, and the broad standard for unjust enrichment stated by the Massachusetts Supreme Judicial Court, the claim that defendants were unjustly enriched as a result of defaming plaintiff is not futile.

## **ORDER**

The Court **ALLOWS** plaintiff's motion to amend the complaint to add a claim for unjust enrichment.

  /s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge