UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABDULRAHMAN ALHARBI | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-11550-PBS |
| GLENN BECK; THEBLAZE, INC. MERCURY RADIO ARTS, INC.; AND PREMIERE RADIO NETWORKS, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

FIRST AMENDED COMPLAINT
AND DEMAND FOR TRIAL BY JURY

For his complaint in this action, the Plaintiff, Abdulrahman Alharbi, states the following:

Introduction

1. This is an action for defamation and slander arising out of the bombing at the 2013 Boston Marathon. The Plaintiff, Abdulrahman Alharbi, is a 20 year old student who was a spectator at the Marathon and was injured in the bombing. Mr. Alharbi, like many others, was questioned by federal authorities investigating the events of that day. Those authorities also, with his permission, searched his apartment. The responsible officials quickly concluded that Mr. Alharbi, other then being injured in the attacks, had no involvement in the attacks. Many news outlets reported the facts of the search of an apartment and that authorities had questioned a man of Middle Eastern descent. When the authorities concluded that Mr. Alharbi had no involvement, reports ceased. The Defendant Glenn Beck, with the active participation of the distributor defendants, repeatedly and falsely identified Mr. Alharbi as an active participant in

the crimes that were committed on April 15, 2013, repeatedly questioned the motives of federal officials in failing to pursue or detain Mr. Alharbi, and repeatedly and falsely accused Mr. Alharbi of being a criminal who had funded the attacks that took place at the Boston Marathon. Those statements were made widely and publicly. The statements were false and did grave injury to the Plaintiff.

## Parties

2. The Plaintiff, Abdulrahman Alharbi ("Alharbi"), is a natural person and a citizen of Saudi Arabia who resides at Revere, Massachusetts.

3. The Defendant Glenn Beck is a natural person who is a resident of Westlake, Texas.

4. The Defendant TheBlaze, Inc. ("Blaze") is a Delaware corporation with a usual place of business at Dallas, Texas.

5. The Defendant Mercury Radio Arts, Inc. ("Mercury") is a Delaware corporation with a usual place of business at Dallas, Texas.

6. The Defendant Premiere Radio Networks, Inc. ("Premiere") is a Delaware corporation with a usual place of business at Sherman Oaks, California. The Defendants Blaze, Mercury and Premiere are referred to below as the "Distributor Defendants."

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 because Alharbi is a citizen of a foreign state, each of the Defendants are citizens of the United States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this Judicial District.

Facts

9. Alharbi was a spectator at the Boston Marathon on April 15, 2013.

10. Alharbi incurred physical injuries for wounds received as a result of the explosion of incendiary devices in the City of Boston during the Boston Marathon event on April 15, 2013.

11. The Defendant Glenn Beck is a radio and television commentator who broadcasts a radio and television show on a daily basis to the public.

12. Mr. Beck has a substantial audience. The show is broadcast throughout the United States and published on the internet for viewers and listeners throughout the world.

13. The show is owned by the Defendant Blaze, and its parent corporation the Defendant Mercury.

14. The Defendant Premiere syndicates and distributes the show to radio stations throughout the United States.

15. On and after April 15, 2013, Beck broadcast repeated statements distributed and published to others by the Distributor Defendants identifying Alharbi as an active participant in the crimes that were committed in Boston on April 15, 2013.

16. Beck repeatedly questioned the motives of federal officials in failing to pursue or detain Alharbi and repeatedly suggested that Alharbi had engaged in wrongful and criminal

3

activity that resulted in mass injury to others, but was being protected by the wrongful acts of others covering up those crimes on his behalf.

17. Beck falsely accused Alharbi of being a criminal who had funded the attacks that took place at the Boston Marathon.

18. In the course of broadcasting these statements, Beck made repeated reference to Alharbi by name, displayed photographs of Alharbi, and displayed and made use of confidential non-public documents issued by the government that contained personal information about Alharbi.

19. On or about May 8, 2013, and at repeated and diverse times thereafter, Beck stated that Alharbi was the "money man" who had funded the attacks at the Boston Marathon.

20. The statements made by Beck were false.

21. The statements made by Beck were published widely to others throughout the United States and the world.

22. As a direct and proximate result of the statements made by Beck and published and broadcast by the Distributor Defendants, Alharbi's reputation has been substantially and severely damaged.

23. Alharbi has received numerous messages, internet postings and other communications based on Beck's false statements accusing him of being a murderer, child killer and terrorist.

Count One
Defamation
(v. All Defendants)

24. The Plaintiff incorporates by reference and realleges paragraphs 1 through 23 above.

25. Beck has made, broadcast, and published the statements set forth above about Alharbi.

26. The statements made by Beck were false.

27. Beck made the statements, and the Distributor Defendants broadcast the statements, without making a reasonable inquiry and determination as to their truth or falsity.

28. Beck and the Distributor Defendants acted negligently in making and broadcasting the statements.

29. Blaze, Mercury, and Premiere published and broadcast the statements to others.

30. Alharbi has been injured as a direct and proximate result of the false statements made by Beck and broadcast and distributed by each of the Defendants.

Count Two
Defamation with Malice
(v. Beck)

31. The Plaintiff incorporates by reference and realleges paragraphs 1 through 30 above.

32. The statements made by Beck were made with actual malice.

Count Three
Unjust Enrichment
(v. All Defendants)

33. The Plaintiff incorporates by reference and realleges paragraphs 1 through 32 above.

34. Beck and the Distributor Defendants have been enriched by their use of the name, personal information, confidential government documents, facts and circumstances of the Plaintiff's private life by broadcasting that information widely in a manner that generated revenues from advertisers, subscribers, and others.

5

35. Alharbi has lost his right to privacy and has been impaired and gravely damaged by the association of his name with the horrific acts of the marathon bombing and the statements that he funded the attacks.

36. The revenues realized by Beck and the Distributor Defendants were realized by their use of the personal information, confidential government documents, facts and circumstances of the private life of Alharbi and the broadcast of false statements about him.

37. The Defendants had no justification or basis for making the false statements or using the information in, and broadcasting the private information of, Alharbi and the information contained in the confidential government documents.

38. There is otherwise no adequate remedy at law to adequately compensate the Plaintiff for his loss.

## Prayers For Relief

Wherefore, the Plaintiff prays that the Court enter judgment as follows:

1. On Count I, that the Court determine the amount of damages suffered by the Plaintiff and enter judgment in that amount plus interest, costs and attorneys fees against each of the Defendants; and

2. On Count II, that the Court determine the amount of damages suffered by the Plaintiff and enter judgment in that amount plus interest, costs, attorneys fees and punitive damages against the Defendant Glenn Beck individually; and

3. On Count III, that the Court determine the amount of damages suffered by the Plaintiff and enter judgment in that amount plus interest, costs and attorneys fees against each of the Defendants; and

4. That the Court grant such other and further relief as is just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

ABDULRAHMAN ALHARBI

By his attorneys,

/s/ *Peter J. Haley*
Peter J. Haley (BBO # 543858)
Patrick T. Uiterwyk (BBO # 665836)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Post Office Square – 30th Floor
Boston, Massachusetts 02109-2127
Telephone: (617) 573-4700
Facsimile: (617) 573-4710
Email: *peter.haley@nelsonmullins.com*
Email: *patrick.uiterwyk@nelsonnullins.com*

Dated: May 7, 2015

## **CERTIFICATE OF SERVICE**

I, Patrick T. Uiterwyk, hereby certify that on this 7th day of May, 2015 this pleading was sent electronically to counsel for the Defendants.

*/s/Patrick T. Uiterwyk*
Patrick T. Uiterwyk
