UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

CIVIL ACTION NO. 1:14-CV-11550-PBS

ABDULRAHMAN ALHARBI
        Plaintiff,

v.

GLENN BECK, et al.,
               Defendants.

**STIPULATED AND [PROPOSED] PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY MASSACHUSETTS LAW ENFORCEMENT ENTITIES**

      The undersigned parties and subpoenaed entities in the above-captioned action hereby agree and stipulate to the terms of a Stipulated Protective Order as set forth below, and respectfully request entry of such Order by this Court:

      1.      The undersigned parties and subpoenaed entities stipulate that good cause exists for entry of this Order, pursuant to Fed. R. Civ. P. 26.

      2.      This Order is intended to facilitate the production of documents by the undersigned subpoenaed entities in response to Fed. R. Civ. P. 45 subpoenas to produce documents issued by counsel for the defendants on or about March 11, 2015 (the "Subpoenas").

      3.      The undersigned subpoenaed entities may designate as "Confidential Information" any documents, information, things, trial or deposition testimony, or other material that the undersigned subpoenaed entities believe in good faith contain Confidential Information, as defined herein.  As used in this Joint Stipulated Protective Order, the term "Confidential Information" means material or information not generally known to the public that the

undersigned subpoenaed entities in good faith believe to incorporate highly sensitive and confidential law enforcement information.

4. The undersigned agree that any documents that are produced under this Order, including any electronically stored information, will be produced in hard copy format without any accompanying "metadata" or other similar information.

5. The documents to be produced under this Order shall be used solely for purposes of this litigation. Except with the prior written consent of the subpoenaed entity(ies) that produced the documents, such documents shall not be disclosed, either directly or indirectly (such as by quoting the content of any document in a separate communication), to any person or entity other than the following authorized persons (collectively, "authorized persons"):  (a) the named parties and their employees; (b) counsel for the parties (including in-house counsel) and any staff, employees, agents and/or vendors who are engaged by counsel to assist in the prosecution of this litigation and are directly supervised by such counsel, provided that counsel make good faith efforts to minimize the wide dissemination of the documents; (c) the Court and its staff and other court officials involved in this litigation; (d) witnesses and potential witnesses, including expert witnesses and consulting experts, provided that they do not retain any copies of any produced documents after the conclusion of all aspects of this litigation; (e) and any other person(s) that the Court may designate after notice to the parties. In all cases, authorized persons shall be informed of the terms of this Stipulated Protective Order.

6. The named plaintiff in this action shall be deemed, through entry of this Order, to have consented to the disclosure of any documents pertaining to him in the possession of any of the subpoenaed entities below to the Defendants in response to the subpoena in this action and

subject to the terms of this Stipulation, provided such documents are simultaneously produced to the Plaintiff.

7. Copies and reproductions of any documents produced under this Order shall be treated in the same manner as the originally produced documents.

*8.* If any party seeks to file any of the produced documents in Court, or seeks to submit any other filing that describes or quotes any produced document, such party shall give notice to the subpoenaed entities of the specific documents to be filed and/or the portions to be quoted or described. The subpoenaed entities shall be given a reasonable opportunity to file a motion for impoundment prior to the filing of any produced documents.

9. If any party seeks to introduce the produced documents in court, such party shall give notice to the subpoenaed entities, which shall be given a reasonable opportunity to file an appropriate motion.

10. Counsel for each party shall, within 60 days after final conclusion of all aspects of this litigation, including any appeals, return any documents produced under this Order to the subpoenaed entity(ies) that produced them, or certify in writing to such entity(ies) that the party has destroyed <u>all produced documents, including</u> any copies thereof.

11. Nothing contained in this Order shall preclude any of the undersigned parties or subpoenaed entities from applying to this Court for further relief or modification of any provision of this Order.

12. The defendants shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not be deemed an admission of the correctness of the designation nor does it preclude a subsequent challenge thereto.  Entering into, agreeing to, or otherwise complying with the terms of this Order, shall not

operate as an admission by defendants that any particular information or material designated as "Confidential Information" contains or reflects confidential law enforcement information.

13. Nothing in this Order shall be understood as waiving the undersigned subpoenaed entities' objection(s) to defendants' requests for documents or as suggesting that any particular undersigned subpoenaed entity will voluntarily produce documents herein; or as prejudicing the rights of the undersigned subpoenaed entities to withhold documents or information that are classified or subject to privilege, including the attorney work product doctrine. The undersigned subpoenaed entities' production of documents in response to defendants' requests shall not be understood as waiving any objection or privilege, including the attorney work product doctrine.

Respectfully submitted,

| | |
|---|---|
| *Plaintiff,* | *Defendants,* |
| ABDULRAHMAN ALHARBI,<br>By his attorney, | GLENN BECK, THE BLAZE, INC.,<br>MERCURY RADIO ARTS, INC., AND<br>PREMIERE RADIO NETWORKS, INC.,<br>By their attorney, |
| /s/ *Peter J. Haley*<br>Peter J. Haley, Esq. (BBO #543858)<br>Nelson Mullins Riley & Scarborough, LLP<br>One Post Office Square, 30th Floor<br>Boston, MA 02109<br>(617) 573-4714 | /s/ *Zachary C. Kleinsasser*<br>Zachary Kleinsasser (BBO #664291)<br>Greenberg Traurig<br>One International Place<br>Boston, MA 02110<br>(617) 310-6000 |
| Dated:  May 29, 2015 | Dated:  May 29, 2015 |

*Subpoenaed Entities:*

| | |
|---|---|
| MASSACHUSETTS STATE POLICE AND<br>THE COMMONWEALTH FUSION<br>CENTER, | BOSTON POLICE DEPARTMENT, |
| By their attorney, | By their attorney, |
| /s/ *Sean Farrell*<br>Sean Farrell, Esq. (BBO#561332)<br>Deputy Chief Legal Counsel<br>Massachusetts State Police<br>General Headquarters<br>470 Worcester Road<br>Framingham, MA 01702<br>(508) 820-2153 | /s/ *Nicole I. Taub*<br>Nicole I. Taub (BBO#663517)<br>Senior Staff Attorney<br>Office of the Legal Advisor<br>Boston Police Department<br>One Schroeder Plaza<br>Boston, MA 02120<br>(617) 343-4550 |
| Dated: May 29, 2015 | Dated:  May 29, 2015 |