UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDULRAHMAN ALHARBI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLENN BECK; THE BLAZE, INC.; )<br>MERCURY RADIO ARTS, INC.; and )<br>PREMIERE RADIO NETWORKS, INC., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:14-cv-11550-PBS |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY EXECUTIVE BRANCH AGENCIES

WHEREAS, the defendants have requested documents for use in this action from the following non-party agencies of the federal Executive Branch: (i) U.S. Customs and Border Protection ("CBP"), (ii) the Central Intelligence Agency ("CIA"), (iii) the Department of Homeland Security ("DHS"), (iv) the Department of Justice ("DOJ"), (v) the Department of State ("State Department"), (vi) the Federal Bureau of Investigation ("FBI"), (vii) Immigration and Customs Enforcement ("ICE"), (viii) the National Security Agency ("NSA"), (ix) the Office of the Director of National Intelligence ("ODNI"), and (x) the White House (collectively, the "Executive Branch agencies");

AND WHEREAS, the Executive Branch agencies desire to maintain the confidentiality of certain of the documents produced in response to defendants' requests, including those subject to the Privacy Act of 1974, 5 U.S.C. § 552a, or whose disclosure would cause an unwarranted invasion of privacy;

NOW THEREFORE, the defendants, the plaintiff, and the Executive Branch agencies, by their undersigned counsel, hereby stipulate and agree as follows, and respectfully request that the Court so order:

1. The Executive Branch agencies will designate documents that they believe in good faith contain confidential information by marking each such document with "Executive Branch Protected Material." As used in this Stipulation and Protective Order, "Executive Branch Protected Material" means material or information not generally known to the public that the Executive Branch agencies in good faith believe to incorporate information subject to the Privacy Act of 1974, 5 U.S.C. § 552a, or the disclosure of which the Executive Branch agencies in good faith believe would cause an unwarranted invasion of privacy.

2. Executive Branch Protected Material shall be used only by the parties in this action, acting through counsel, and only for the defense or prosecution of this action.

3. Subject to the additional provisions below, the parties shall not disclose Executive Branch Protected Material, or the information contained therein, to anyone other than the following:

    a. attorneys for the parties in this action (including their paralegals, clerical, and other assistants) who have a legitimate need for access to Executive Branch Protected Material in connection with this action;

    b. named parties and their employees who have a legitimate need for access to Executive Branch Protected Material in connection with this action;

    c. outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials;

    d. persons retained by a party or counsel to a party to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, or persons

otherwise providing expert testimony in this action;

    e. court reporters, videographers, and stenographers engaged to record, videotape, or transcribe depositions in this action;

    f. the Court and its support personnel, including court reporters responsible for transcribing or recording court proceedings in this action.

    4. Executive Branch Protected Material and the information contained therein shall not be disclosed to any of the persons referred to in paragraph 3(b) through 3(e) above, until after such person has been given a copy of this Stipulation and Protective Order, has read this Stipulation and Protective Order, and has read and signed an acknowledgment in the form attached hereto as Appendix A. Such signed acknowledgment shall be retained by counsel for the party that made the disclosure, and a copy of the signed acknowledgment shall be given to the person who signed it.

    5. No person referred to in paragraph 3(a) through 3(f) above who has received Executive Branch Protected Material shall disclose any such material or the information contained therein to any other person except as permitted by this Stipulation and Protective Order.

    6. Notwithstanding the designation of any document as Executive Branch Protected Material, this Stipulation and Protective Order shall not govern the use of (a) any information or documents already otherwise in the possession of a receiving party and not subject to any obligation of confidentiality, or (b) any information or documents that are within the public domain or which become public before or during the pendency of this action – *provided that*, with respect to (a) and (b), (1) the possession or publication did not result from violation of this Stipulation and Protective Order, and (2) a person receiving Executive Branch Protected Material in accordance with this Stipulation and Protective Order shall not, without the written consent of

3

the Executive Branch agencies, reveal publicly or confirm that the information or documents described in (a) and/or (b) were produced or designated as Executive Branch Protected Materials under this Stipulation and Protective Order.

7. To the extent Executive Branch Protected Material is marked as an exhibit to a deposition in this action, such exhibit shall be bound separately from any other exhibits to the deposition, and shall be marked "Subject to Protective Order." To the extent any witness is questioned about Executive Branch Protected Material during a deposition in this action, that portion of the deposition shall be marked "Subject to Protective Order."

8. a. To the extent that any party intends to file any Executive Branch Protected Material, the filing party shall consult with the Executive Branch agency that originally designated the document as Executive Branch Protected Material to determine whether, with the consent of that agency, the subject document(s) may be filed with the Court not under seal. Where agreement cannot be reached, the filing party shall submit to the Court Clerk any Executive Branch Protected Material in a sealed envelope bearing the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER OF THE COURT, DATED JUNE __, 2015" and displaying the case name, docket number, a designation of the document(s) that does not reveal information protected by this Stipulation and Protective Order, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the documents on the front of the envelope.

b. To the extent that it is necessary for a party to discuss the contents of any Executive Branch Protected Material in a brief, memorandum, pleading, or other submission, then such portion of the submission must be filed under seal. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall not contain information from Executive Branch Protected Material, and shall note

the redaction of references to such material. The confidential version shall be a full and complete version of the submission and shall be filed with the Clerk under seal as stated in paragraph 8(a) above.

    c.    To the extent that any party intends to use Executive Branch Protected Material at any hearing, trial or other proceeding, the filing party and the Executive Branch agency that originally designated the document as Executive Branch Protected Material shall confer and attempt to agree, before any hearing, trial or other proceeding, on the procedures under which Executive Branch Protected Material may be introduced into evidence or otherwise used at such hearing, trial or other proceeding. Absent agreement, the party that intends to use Executive Branch Protected Material shall seek an order governing the use of such material at any such proceeding upon reasonable notice to all parties and the Executive Branch agencies.

9. The parties and their counsel herein, and all persons referred to in paragraph 3(a) through 3(f) above who have received Executive Branch Protected Material, shall safeguard such material and the information contained therein in order to prevent its disclosure beyond that permitted by the terms of this Stipulation and Protective Order.

10. Any person or entity, other than the Court, possessing Executive Branch Protected Material shall destroy such material or return it to counsel for the Executive Branch agencies upon ceasing involvement with this action or within 45 calendar days after the termination of this litigation (including all appeals), whichever first occurs. If the person chooses to destroy Executive Branch Protected Material rather than returning it, the person will provide written certification of such destruction to counsel for the Executive Branch agencies.

11. The inadvertent omission of the written designation in paragraph 1 above shall not constitute a waiver of confidentiality or of any privilege or protection, and may be corrected by written notification to the parties after production. If counsel for the Executive Branch agencies

provides written notice that a document should have been designated as Executive Branch Protected Material, the party or person receiving the notice shall immediately treat the document as if it had been so designated before production, and shall place such written designation on the document, and all copies thereof, within seven calendar days after receipt of the notice.

12. Nothing in this Stipulation and Protective Order shall be understood as waiving the Executive Branch agencies' objections to defendants' requests for documents; as suggesting that any particular Executive Branch agency will voluntarily produce documents herein; or as prejudicing the rights of the Executive Branch agencies to withhold documents or information that are classified or subject to privilege, including the attorney work product doctrine. The agencies' production of documents in response to defendants' requests shall not be understood as waiving any objection or privilege, including the attorney work product doctrine.

13. Nothing in this Stipulation and Protective Order shall prohibit the United States, or any agency, department, officer, or employee thereof, from using or disclosing Executive Branch Protected Material for any purposes authorized by law.

14. Any person or entity receiving any Executive Branch Protected Material in accordance with this Stipulation and Protective Order agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings in relation to this Stipulation and Protective Order.

15. The terms of this Stipulation and Protective Order shall be binding upon all current and future participants in this litigation and their counsel, as well as all persons referred to in paragraph 3(a) through 3(f) above.

16. The termination of this litigation shall not relieve any person of his or her obligations under this Stipulation and Protective Order.

17. The defendants shall not be obligated to challenge the propriety of a designation as Executive Branch Protected Material at the time made, and a failure to do so shall not be deemed an admission of the correctness of the designation, nor does it preclude a subsequent challenge thereto. Entering into, agreeing to, or otherwise complying with the terms of this Stipulation and Protective Order, shall not operate as an admission by defendants that any particular information or material designated as "Executive Branch Protected Material" contains or reflects information subject to the Privacy Act of 1974, 5 U.S.C. § 552a, or that its disclosure would cause an unwarranted invasion of privacy.

18. A party objecting to the designation of any document as Executive Branch Protected Material shall provide written notice of the objection to the designating agency. The party and the designating agency shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, the objecting party may seek an order that the document is not properly designated as protected. Pending determination by the Court, material designated as Executive Branch Protected Material shall be treated as such pursuant to this Stipulation and Protective Order.

Respectfully submitted,

*Plaintiff,*

ABDULRAHMAN ALHARBI,
By his attorney,


/s/ *Peter J. Haley*
Peter J. Haley, Esq. (BBO #543858)
Nelson Mullins Riley & Scarborough, LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(617) 573-4714

Dated: May 29, 2015

*Defendants,*

GLENN BECK, THE BLAZE, INC.,
MERCURY RADIO ARTS, INC., AND
PREMIERE RADIO NETWORKS, INC.,
By their attorney,

/s/ *Zachary C. Kleinsasser*
Zachary C. Kleinsasser (BBO #664291)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Dated: May 29, 2015


*Subpoenaed Entities,*

U.S. EXECUTIVE BRANCH AGENCIES
By their attorneys,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

TERRY M. HENRY
Assistant Director


/s/ *W. Scott Simpson*
W. SCOTT SIMPSON
Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 514-3495
Facsimile: (202) 616-8470
E-mail: scott.simpson@usdoj.gov

Dated: May 29, 2015

8

**IT IS SO ORDERED.**

Dated: __6/1/15__, 2015

*/s/ Patti B. Saris*
PATTI B. SARIS
United States District Judge

No party shall file a document under seal in court without establishing good cause for the sealing. The fact that a non-party designated a matter as confidential is not sufficient. A motion to seal shall be accompanied by an affidavit supporting the request.

pbs