UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDULRAHMAN ALHARBI,<br><br>Plaintiff,<br><br>− v. −<br><br>GLENN BECK; THE BLAZE, INC.;<br>MERCURY RADIO ARTS, INC.; AND<br>PREMIERE RADIO NETWORKS, INC.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-cv-11550-PBS |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**WHEREAS,** certain documents and information requested and/or subject to disclosure in this action may constitute the confidential, proprietary, personal, or private information of one or more of the parties in this case;

**WHEREAS,** the parties agree that the disclosure of confidential, proprietary, personal, or private information in the course of this suit should not take place in the absence of a protective order appropriately limiting the use and dissemination of such information;

**WHEREAS**, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the parties have agreed to this Order, subject to approval of the Court;

**WHEREAS,** good cause has been shown for the entry of this Order;

**IT IS HEREBY ORDERED** that:

1.     Any party to this action, and, pursuant to Paragraph 12 herein, any non-party from whom discovery is sought in connection with this action, may designate as "Confidential Information" any documents, things, interrogatory answers, responses to requests for admissions,

1

trial or deposition testimony, or other material that the producing party believes in good faith contains Confidential Information, as defined below.  Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action.  All Confidential Information produced or exchanged in the course of this litigation and pursuant to this Order shall be handled in strict accordance with the terms of this Order.  Specifically, absent an order by this Court, such Confidential Information shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Confidential Information shall not be disclosed to anyone except as provided herein.  Confidential Information may be disclosed only under the circumstances and to the persons specifically provided for in this Order or any subsequent Court order, or with the explicit written consent of the designating party with respect to specifically identified Confidential Information.

2.      As used in this Order, the term "Confidential Information" means material or information not generally known to the public that the producing or disclosing party in good faith believes to incorporate sensitive business, commercial, or financial information, trade secrets, know-how, proprietary data, or private or personal information.

3.      The producing party shall designate Confidential Information by clearly marking the Confidential Information with the words "CONFIDENTIAL" in accordance with paragraph 4 below.

4.       The designation of Confidential Information for purposes of this Order shall be made in the following manner:

a.       in the case of written materials (apart from depositions), by stamping "CONFIDENTIAL" on each page containing any Confidential Information or by providing the parties subject to this agreement with reasonable notice designating documents or other information as "CONFIDENTIAL"; provided that the failure to designate a document as "CONFIDENTIAL" does not constitute a waiver of such claim, and any document is subject to the protections of this Order from the time it is designated and stamped "CONFIDENTIAL";

b.       information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL" and is subject to the terms of this Order.  Unless otherwise designated at a deposition itself, all testimony at any deposition shall be treated as "CONFIDENTIAL" for at least fifteen (15) days after the final transcript has been sent by the court reporter to all counsel (or until such other date as may be agreed by the parties).  Receipt of rough transcripts shall not trigger the fifteen (15) day period.  Deposition testimony may be designated as "CONFIDENTIAL" at the deposition on the record, or before expiration of the 15-day (or other agreed) period by written notice to all counsel indicating the specific testimony to be designated (by page and line or other specific reference).  All copies (electronic or otherwise) of a transcript containing deposition testimony so designated shall be stamped or marked accordingly.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.  Only those pages and lines of the transcript specifically designated as "CONFIDENTIAL" shall be treated as such.  Unless so designated,

any confidentiality is waived after the expiration of the 15-day (or other agreed) period, unless otherwise stipulated or ordered; and

c.      in the case of computer files, by marking "CONFIDENTIAL" on the medium containing the files.

5.      Until and unless the Court rules otherwise, documents, things, material, and information marked or otherwise designated as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person except to:

a.      named parties, officers, directors, partners, managers and/or employees of a party who have a legitimate need for access to the information.  Prior to disclosure, such individuals shall be informed of the terms of this Order and instructed to abide by its terms;

b.      the parties' respective outside counsel of record in this action, and regular employees of such counsel who are directly participating in this action and to whom it is necessary that the information or material be shown for purposes of this litigation, including the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel;

c.      in-house counsel of the parties whose assistance is needed by counsel for the purposes of this litigation;

d.      persons retained by a party or counsel to a party to serve as expert witnesses or otherwise to provide advice to counsel in connection with this litigation, or persons

otherwise providing expert testimony in this action, provided that the expert or consultant has signed an undertaking in the form of Exhibit "A";

e.   the Court, its clerks, translators, any special master appointed by the Court, and stenographic personnel in connection with motions, hearings and trials in this litigation;

f.   certified court reporters or persons operating video equipment at depositions retained in connection with this action, whose function requires them to have access to material designated as Confidential Information under this Order;

g.   employees of third-party contractors involved solely in one or more aspects of organization, translation, copying, filing, coding, converting, storing, or retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support;

h.   graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

i.   non-technical jury or trial consulting services retained by counsel for a party;

j.   insurers and claims adjusters of the parties who have a need to know the information in connection with this lawsuit and provided that the insurer and claims adjuster have signed an undertaking in the form of Exhibit "A";

k.   any person upon order of the Court and subject to the provisions contained in the court order; and

l.   any other person only upon written consent of the person producing the Confidential Information.

In all events, the parties shall make a good faith effort to limit dissemination of Confidential Information within these categories to persons who have a reasonable need for access thereto.

8.      Any party or non-party may prepare for a deposition, hearing or trial, or be examined as a witness at a deposition, hearing or trial, with information or material designated as "CONFIDENTIAL" as follows:  (i) if the witness is a current or former employee, officer or director of a producing party or non-party, the witness may be shown any documents produced by that party or non-party regardless of its designation; or (ii) if the witness authored or received the document prior to or apart from this action, the witness may be shown the document regardless of its designation.  Notwithstanding Paragraphs 4 and 5, any non-party witness may be shown at a deposition or examine any document designated "CONFIDENTIAL" so long as the witness has been provided with a copy of this Order and has signed an undertaking in the form of Exhibit "A."

9.      All Confidential Information shall be maintained in a secure and safe area and the recipient of such materials shall exercise the same standard of care with respect to the storage, custody, use and/or dissemination of such information as exercised by recipient with respect to its own Confidential Information.

10.      If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Order (including, without limitation, a governmental agency) seeking production or other disclosure of such Confidential Information, the party receiving the subpoena shall promptly (not more than forty-eight hours, excluding weekends and federal holidays, after receipt of such request) notify counsel for the designating party of the fact of the subpoena, furnish counsel for the designating party with a copy of the

subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected.  Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

11.     Following a party's receipt of documents subpoenaed from a third party (either from another party or the third-party), any party may designate which, if any, of those documents shall be considered Confidential Information.  All such documents so designated shall be handled in accordance with this Order.

12.     Non-parties may avail themselves of the procedures and protections in this Order by agreeing in writing to be bound by this Order.

13.     In the event additional parties join or are joined in this action, they shall not have access to Confidential Information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Order.

14.     A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not be deemed an admission of the correctness of the designation nor does it preclude a subsequent challenge thereto unless prejudice can be shown by the designating party to have resulted from the delay in challenging the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved, the

objecting party may invoke this Order by objecting in writing to the party who has designated the document or information as Confidential Information.  If the parties are unable to come to a resolution, any party may seek an order from the Court that the challenged material does not qualify under applicable law for the designation assigned to the material.  In any such proceeding, the designating party shall bear the burden of proving that the original designation was appropriate.  The original designation shall remain effective until three (3) business days after entry of an order re-designating the materials, and until such time, the disputed materials shall be treated in the manner required herein by such designation.

15.     Entering into, agreeing to, or otherwise complying with the terms of this Order, and/or producing or receiving information or material designated as "CONFIDENTIAL" shall not:

a.     operate as an admission by any party that any particular information or material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information; or

b.     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL."

16.     Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person to:  (a) resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected as privileged under applicable law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) seek to modify or obtain relief from any aspect of this Order; (c) object to the use, relevance, or admissibility at trial or

otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order; and (d) otherwise to require that discovery be conducted according to governing laws and rules.

17.     Any document or thing containing or embodying Confidential Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall bear a statement substantially in the form:

CONFIDENTIAL

Filed under Protective Order.  This envelope is not to be
opened nor the contents thereof displayed or revealed
except by Order of the Court or by agreement of the parties.

It shall be the burden of the party submitting Confidential Information to the Court to make a motion before submitting the Confidential Information to the Court, if necessary.

18.     In the event that any Confidential Information is used in any Court proceeding in connection with this litigation, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably necessary required to protect its confidentiality during such use.

19.     The restrictions set forth in any of the proceeding paragraphs shall not apply to information or material that:

a.     was, is, or becomes public knowledge in a manner other than by violation of this Order;

b.     is acquired by the non-designating party from a third party having the right to disclose such information or material;

c.     was lawfully possessed by the non-designating party prior to the entry of this Order by the Court; or

     d.     independently developed by the non-designating party.

20.    Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving attorney shall promptly collect all such documents and copies thereof and return them to the producing party, without reviewing such materials if they have not already been reviewed, or alternatively, certify in writing that all such copies have been destroyed.  Notwithstanding the foregoing, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

21.    A designating party that inadvertently fails to mark Confidential Information as "CONFIDENTIAL" at the time of the production must, upon discovery, notify all other parties of the oversight and must immediately begin steps to correct such oversight.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each document or thing designated as Confidential Information appropriately marked as "CONFIDENTIAL." Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked materials and all copies thereof.

22.    Any inadvertent or unintentional disclosure of Confidential Information by a receiving party, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon discovery of any inadvertent or unintentional disclosure, counsel for the parties shall make all

reasonable efforts to mitigate any deleterious effects of such disclosure, and shall cooperate to restore the confidentiality of such disclosed information.

23.     If Confidential Information is disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

24.     This Order may be amended by agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case.  Any party may apply to the Court for modification of this Order.   This Order shall remain in full force and effected after the termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

25.     The provisions of this Order shall, absent further order of the Courts, continue to be binding throughout and after the conclusion of this litigation, including without limitation any appeals, upon the parties hereto and all persons to whom Confidential Information has been disclosed or communicated.  The Court shall retain jurisdiction to enforce this Order and resolve any dispute concerning the post-termination use of Confidential Information disclosed hereunder.

26.     Subject to final order of the Court upon completion of any matters relating to this case, within sixty (60) days after entry of any final and un-appealable judgment in this litigation, any and all material designated "CONFIDENTIAL" by the other parties or by a third party and all copies thereof shall be returned to the producing party, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information.  In the alternative, within 60 days after final termination of this case, such materials and copies may be shredded or

disposed of in a manner to assure the destruction thereof and a declaration certifying such destruction or disposal shall be provided to the party producing such information. Notwithstanding the above, counsel of record for each party shall be permitted to retain and archive Confidential Information that is contained in pleadings or deposition transcripts (including exhibits thereto), subject to the terms of this Order.

27.     Nothing in this stipulation shall prevent any party from disclosing its own Confidential Information to a person or entity as it deems appropriate.

28.     If, for any reason, the Court declines to approve this stipulation and sign the order below, the parties nonetheless agree to be bound by the terms of this stipulation with respect to the production of documents made prior to the consideration of the proposed order by the Court and entry of any order denying approval or entering amended relief.

AGREED AND APPROVED:

Counsel for Plaintiff,                                    Counsel for Defendants,


*/s/ Peter J. Haley*                                     */s/ Zachary C. Kleinsasser*
Peter J. Haley, Esq. (BBO # 543858)         Michael J. Grygiel (admitted *pro hac vice*)
Patrick T. Uiterwyk (BBO # 665836)          Zachary C. Kleinsasser (BBO # 664291)
NELSON MULLINS RILEY &                     GREENBERG TRAURIG, LLP
    SCARBOROUGH LLP                         One International Place
One Post Office Square                          Boston, Massachusetts 02110
Boston, MA  02109                               Tel:  (617) 310-6000
Tel:  (617) 573-4714                             Fax:  (617) 897-0993
Fax:  (617) 573-4750                            Email:  grygielm@gtlaw.com
Email:   Peter.Haley@nelsonmullins.com                 kleinsasserz@gtlaw.com
             patrick.uiterwyk@nelsonnullins.com

Dated:    September 8, 2015

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABDULRAHMAN ALHARBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| − v. − | ) | CIVIL ACTION NO. |
| | ) | 1:14-cv-11550-PBS |
| GLENN BECK; THE BLAZE, INC.; | ) | |
| MERCURY RADIO ARTS, INC.; AND | ) | |
| PREMIERE RADIO NETWORKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

My name is _____.  My home address is _____ _____.  I am employed as (state position) _____ at (state name and address of employer) _____

_____.

I, _____ (print name) have carefully read the Stipulated Protective Order entered in this action on the __ day of _____, 20__ and agree to be bound by the Stipulated Protective Order.

I understand that any violation of the Stipulated Protective Order may be punishable as contempt of the court, and agree to submit myself to the jurisdiction of the United States District Court for the District of Massachusetts so that an appropriate penalty can be imposed if the Stipulated Protective Order is violated.


Dated: _____    _____