UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABDULRAHMAN ALHARBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| − v. − | ) | CIVIL ACTION NO. |
| | ) | 1:14-cv-11550-PBS |
| GLENN BECK; THE BLAZE, INC.; | ) | |
| MERCURY RADIO ARTS, INC.; AND | ) | |
| PREMIERE RADIO NETWORKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF ALAN KOROWITZ
## IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Alan Korowitz, hereby depose and state under oath as follows:

1.      I am currently the Executive Vice President/Sales of Premiere Networks, Inc. ("Premiere"), and have served in that capacity since November 2012.  Prior to that, I served as Regional Vice President and Director of Sales (2009-2012) and Executive Vice President of Operations (2001-2009) of Clear Channel Radio Sales, an affiliate of Premiere.  In sum, I have worked in radio sales for nearly thirty years.

2.      I submit this Declaration in support of Defendants' motion for summary judgment.  I am over the age of 21, competent to give this Declaration, and do so, except where noted, based on personal knowledge of the facts stated herein.

3.      I understand the Plaintiff in this case has alleged claims for defamation and unjust enrichment against Premiere based on Premiere's distribution of certain broadcasts of *The Glenn Beck Radio Program* in April and May, 2013.

4.     Premiere acts as the distributor of *The Glen Beck Radio Program*, and in that regard earns revenue primarily based on advertising sales with respect to the program.

5.     The document produced by Defendants labeled DEF-047596 reflects the amount of revenue earned by Premiere on a monthly basis in connection with the distribution of *The Glenn Beck Radio Program* in 2013. A true and correct copy of DEF-047596 is attached hereto as **Exhibit 1**.

6.     Premiere's revenues relating to *The Glenn Beck Radio Program* in April and May of 2013 were ▬▬▬▬▬ and ▬▬▬▬▬, respectively. Notably, these amounts are less than the revenues earned in March and June, 2013. Revenues were highest during March of 2013, before the challenged broadcasts were aired.

7.     In my experience, a single news story or short-term increase in ratings will not have any discernible impact on radio advertising sales. Rather, advertising sales are driven by a demonstrable sustained increase in ratings over a period consisting of at least several months.

8.     Advertising revenues in April and May of 2013, generally reflect sales made any number of months before that time.

9.     Accordingly, the statements concerning the Plaintiff in no way could have contributed to Premium's advertising revenues in April and May, 2013, or anytime thereafter.

**PURSUANT TO 28 U.S.C. § 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**EXECUTED ON MAY 25, 2016.**

_____

Alan Korowitz

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically on May 31, 2016 upon counsel for Plaintiff at the address peter.haley@nelsonmullins.com.

/s/ Zachary C. Kleinsasser

## KOROWITZ DECLARATION – EXHIBIT 1





Confidential

DEF-047596



**Confidential**

**DEF-047597**