

Michael J. Grygiel
Tel: 518-689-1406
Fax: 518-689-1499
grygielm@gtlaw.com

July 25, 2016

**VIA ECF**

Hon. Patti B. Saris
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

   Re: *Abdulrahman Alharbi v. Glenn Beck; TheBlaze Inc.; Mercury Radio Arts, Inc.; and Premiere Networks, Inc.*, **Civil Action No. 1:14-cv-11550-PBS**

Dear Chief Judge Saris:

  As authorized by the Court [Dkt. No. 122], I write to supplement Defendants' Rule 56 motion briefing by providing additional case citations in support of the established principle that mere speculation concerning information that may be elicited from confidential sources is not "clear and convincing" evidence (*Gertz v. Robert v. Welch, Inc.*, 418 U.S. 323, 342 (1974); *Nicholson v. Promotors on Listings*, 159 F.R.D.343, 356 (D. Mass. 1994)) of "actual malice" required by the First Amendment. Courts have repeatedly rejected conjectural attempts by public figure defamation plaintiffs to belatedly cure their proof deficiencies on summary judgment:

> Summary judgment is an integral part of the constitutional protection afforded defendants in actions such as this. Plaintiff has been purposely given the heavy burden of proving actual malice. *In order to prove actual malice, plaintiff must make an affirmative showing of facts from which defendant's probable knowledge of falsity may be constitutionally sustained; the mere hope of questioning the credibility of the defendant's witnesses is not sufficient to resist summary judgment.* When it has been established, as it has been in this case, that he cannot meet it, the First Amendment makes it incumbent upon the Court to grant defendant's motion for summary judgment.

*Cerrito v. Time, Inc.*, 302 F.Supp. 1071, 1075-76 (N.D. Cal. 1969) (emphasis supplied) (citations omitted); *see also Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972) ("Mere speculation or conjecture about the fruits of ... examination [of confidential sources] simply will not suffice."); *Hurley v. Northwest Publ., Inc.*, 273 F.Supp. 967, 974 (D. Minn. 1967) ("A mere chance that somehow, somewhere, on cross examination or otherwise plaintiffs will uncover something which might add to their case but obviously of which now they have no knowledge, is mere speculation and conjecture and is not sufficient in view of the showing made here by the defendant.").

Moreover, the approach espoused by Plaintiff in trying to stave off summary judgment would allow for the forced disclosure of confidential source information in every case, notwithstanding a complete failure to come forward with "clear and convincing" evidence of actual malice.

> However, as *Schultz* and *Cervantes* both point out, if the summary judgment doctrine is to have any benefit as a device to screen out otherwise meritless libel cases, especially those involving public figure plaintiffs, courts must inquire into the substance of a libel allegation before ordering disclosure of confidential sources. Otherwise, the exception plaintiff appears to propose – allowing plaintiffs *carte blanche* to depose every defendant's confidential source anytime they otherwise lack evidence of actual malice in a libel suit – would swallow the rule cautioning against disclosure in the absence of compelling evidence that such disclosure would be relevant to the issue of malice. Under such a regime, even plaintiffs who suspected their ultimate case would fail on the merits, could bring lawsuits simply as a harassment device to pester publishers and try to discover who was leaking the information they found damaging.

*Southwell v. Southern Poverty Law Ctr.*, 949 F.Supp. 1303, 1313 (W.D. Mich. 1996).

> [T]o routinely grant motions seeking compulsory disclosure of anonymous news sources without first inquiring into the substance of a libel allegation would utterly emasculate the fundamental principles that underlay the line of cases articulating the constitutional restrictions to be engrafted upon the enforcement of State libel laws. Such a course would also overlook the basic philosophy at the heart of the summary judgment doctrine.

*Cervantes*, 464 F.2d at 993 (footnote omitted).

As in the above cases, Plaintiff's "desperation is part of a larger problem. Plaintiff has utterly failed to present any credible evidence" that would indicate publication with actual malice. *Southwell*, 949 F.Supp. at 1313. Defendants should not be prejudiced by Plaintiff's speculative attempt to adduce evidence that he never deigned to pursue during fifteen months of discovery. *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F.Supp.2d 20, 52 n.53 (D.D.C. 2005) ("The Court does not see the wisdom in allowing plaintiffs to lie in the weeds until a motion for summary judgment is filed, and then spring the issue at summary judgment, denying defendants any right to use the evidence at all.").

Defendants respectfully call the Court's attention to the overwhelming First Amendment case law relied on throughout their Rule 56 motion briefing, in contrast to the absence of precedent in Defendant's brief on the critical points raised by your Honor during oral argument. That is because the arguments Plaintiff "proposes would work a dramatic change in the nature of the actual malice standard as the Supreme Court established it in *Times v. Sullivan*." *McFarlane v. Sheridan Square Press*, 91 F.3d 1501, 1509 (D.C. Cir. 1996). There is no basis for rewriting First Amendment doctrine, as requested by Plaintiff, so that he may salvage a claim from the instant summary judgment record, particularly given that "there is not a hint of any evidence that

would help plaintiff establish actual malice." *Southwell*, 949 F.Supp. at 1313; *see also Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 594 (D.C. Cir. May 10, 2016) ("Zepter's failure to offer evidence casting doubt on ICG's good faith reliance on these confidential sources leaves no basis for a reasonable inference that Lyon had not supported the defamatory statement with such sources.").

Thank you for the Court's continuing consideration in this matter.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Michael J. Grygiel*

Michael J. Grygiel
Zachary C. Kleinsasser
Cynthia E. Neidl (Application for admission *pro hac vice* forthcoming)

MJG/rsb

cc:   (via ECF)
      Peter J. Haley, Esq.


CERTIFICATE OF SERVICE

I, Michael J. Grygiel, hereby certify that on July 25, 2016, this document was served upon counsel to Plaintiff in this action.

*/s/ Michael J. Grygiel*