**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                  )
ABDULRAHMAN ALHARBI,              )
                                  )
                   Plaintiff,     )
                                  )
v.                                )        Civil Action
                                  )        No. 14-11550-PBS
THEBLAZE, INC.; GLENN BECK;       )
MERCURY RADIO ARTS, INC.; and     )
PREMIERE RADIO NETWORKS. INC.;    )
                                  )
                   Defendants.    )
_____)
```

**ORDER FOR PRETRIAL CONFERENCE**

**9/19/16 at 2:30 PM**

The above-entitled action will be called for **Pretrial Conference on 9/19/16 at 2:30 PM** at the John Joseph Moakley Courthouse Courtroom No. 19 on the 7th Floor.

**ATTENDANCE:**

Unless excused by the Court, each party shall be represented at the pretrial conference by counsel who will conduct the trial. Counsel shall confer with their clients and with each other **no later than fourteen days before the pretrial conference to explore the possibilities of settlement** and shall be prepared to advise the Court as to the prospects of settlement. The jury trial will be held on 9/26/16 at 9:00 AM. In light of the fact

1

that the plaintiff's visa expires on 11/16/2016, the Court will not continue the trial date.

**JOINT PRETRIAL MEMORANDUM – DATE DUE: 9/7/2016**

By **8/17/2016**, the defendants shall file the names of the confidential sources under seal and subject to a protective order. Any depositions of the confidential sources shall be taken by 9/7/2016. The depositions shall be subject to a protective order. The Court will consider the use of a videotaped deposition at trial, edited to protect the identity of the confidential sources.

By **9/7/16**, the parties shall file/serve **motions in limine**, proposed jury instructions, proposed voir dire questions, witness/exhibit lists, and any designations of deposition testimony. There shall be a limit of ten motions in limine per side.

By **9/7/16**, the parties shall file a joint pretrial memorandum in accordance with L.R. 16.5(d). Counsel are required to confer for the purpose of preparing the joint pretrial memorandum.

By **9/14/16**, the parties shall file/serve any **opposition to the motions in limine**, objections to witnesses or exhibits, and counter-designations of deposition testimony.

By **9/21/2016**, the parties shall file any trial briefs.

2

**JOINT PRETRIAL MEMORANDUM - CONTENTS**

The joint pretrial memorandum shall set forth:

1. The names, addresses and telephone numbers of trial counsel;

2. A concise summary of the positions asserted by the plaintiff, defendant, and other parties, with respect to both liability and damages (including special damages, if any);

3. The facts established by pleadings or by stipulations or by admissions of counsel. In particular, counsel shall stipulate all facts not in genuine dispute;

4. Contested issues of fact;

5. Issues of law, including evidentiary questions, together with supporting authority;

6. The probable length of trial, including the expected length of each witness's direct examination;

7. The names of witnesses who shall testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual, medical, expert, etc. Unless the qualifications of any medical or other expert witness are admitted, a brief statement of the qualifications of such witness shall be included; and

8. A **LIST of Proposed Exhibits**, indicating which exhibits may be admitted without objection and a brief statement of the ground for any objection to the others. Each exhibit shall be numbered if the exhibit is agreed upon. Exhibits which are

3

contested shall be lettered. Counsel shall have pre-marked all exhibits before the start of the trial.

In the event that the case has been settled before the pretrial conference, counsel shall email and/or call the Deputy Clerk and promptly submit closing papers. Compliance with this Order is not excused, absent the filing of closing papers or the entry of a Settlement Order of Dismissal.

Failure to comply with any of the directions set forth above may result in judgment of dismissal or default, or the imposition of other sanctions deemed appropriate by the Court.

**Date: 8/10/2016**

                                        **BY ORDER OF THE COURT,**
                                        **Patti B. Saris, USDJ - Chief**


                                        *Maryellen Molloy*

                                        DEPUTY CLERK