

Michael J. Grygiel
Tel: 518-689-1400
Fax: 518-689-1499
grygielm@gtlaw.com

August 24, 2016

**VIA ECF**

Honorable Patti B. Saris
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

    Re:   *Abdulrahman Alharbi v. Glenn Beck; TheBlaze Inc.; Mercury Radio Arts, Inc.; and Premiere Networks, Inc.*, Civil Action No. 1:14-cv-11550-PBS

Dear Chief Judge Saris:

    We write to inform the Court that Defendants are unable to comply with the Court's order directing Defendants to disclose the identities of certain confidential sources.

    In the Court's Memorandum and Order dated August 9, 2016, the Court ordered Defendants to disclose the identities of Confidential Sources 1 and 2, and also Confidential Source 3 if such source made statements to Mr. Weasel concerning Plaintiff's involvement in financing the Boston Marathon attacks. (Dkt. No. 133, at 29) Please be advised that Confidential Source 3 did not make any such statements to Mr. Weasel. In the Court's Order for Pretrial Conference dated August 10, 2016, the Court directed Defendants to file, by August 17, 2016, the names of the confidential sources under seal and subject to a protective order, and further directed the depositions of the confidential sources to occur by September 7, 2016.[1] (Dkt. No.134, at 2) Upon Defendants' assented-to motion, the date for confidential source disclosure was extended to August 24, 2016, by Court Order. (Dkt. No. 137)

    After the issuance of the Court's Orders, Confidential Sources 1 and 2 were advised of the Court's disclosure order. Both Confidential Sources stated that, for all the reasons previously set forth in the record, they were unwilling to be identified, notwithstanding the procedures the Court has ordered or may consider to protect their identities.

    Defendants cannot disclose the identities of Confidential Sources 1 and 2 for several compelling reasons. First and foremost, as a matter of fundamental journalistic integrity Defendants cannot disclose the identities of the Confidential Sources without their authorization.

---

[1] In accordance with the Court's Memorandum and Order dated August 9, 2016, Defendants understand the Order for Pretrial Conference's reference to "confidential sources" to mean Sources 1 and 2, and also Source 3, if Source 3 had provided the information described above to Mr. Weasel.

Honorable Patti B. Saris
August 24, 2016
Page 2

As previously represented to the Court, Defendants are justifiably concerned that substantial harm could come to the Confidential Sources if they are identified. Second, if Mr. Weasel were to disclose the identities of the Confidential Sources, it is a near certainty that no confidential sources would ever again speak to Mr. Weasel or *TheBlaze Inc.* and its affiliates, to the detriment of an informed public. As has been pointedly observed in this regard, "effective gathering of newsworthy information in great measure relies upon the reporter's ability to secure the trust of news sources. Many doors will be closed to reporters who are viewed as investigative resources of litigants." *United States v. Marcos*, 17 Med. L. Rptr. 2005, 2007 (S.D.N.Y. 1990). Third, Mr. Weasel promised his sources confidentiality, and disclosure of their identities would potentially subject him personally as well as *TheBlaze Inc.* to civil liability. *See, e.g., Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991) (First Amendment does not bar breach of promise claim by confidential source against reporter for disclosing source's name).

In addition, we note that the summary judgment record establishes that only Mr. Weasel, at the time an employee of *TheBlaze Inc.*, had contact with Confidential Sources 1 and 2, and that neither Glenn Beck nor Premiere Radio Networks, Inc. had any contact with and could not identify the Confidential Sources. Accordingly, the consequence, if any, of Defendants' inability to comply with the Court's orders should be limited to *TheBlaze Inc.*

In light of the foregoing, Defendants respectfully request a conference to address the implications of their inability to comply with the Court's orders of confidential source disclosure. We are available at the Court's convenience.

Very truly yours,

GREENBERG TRAURIG, LLP

Michael J. Grygiel

MJG/rsb
cc:  Peter J. Haley, Esq. (via ECF)