UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ABDULRAHMAN ALHARBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 14-11550-PBS |
| GLENN BECK; THE BLAZE, INC.; | ) | |
| MERCURY RADIO ARTS, INC.; and | ) | |
| PREMIERE RADIO NETWORKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
DEFENDANTS FROM INTRODUCING CONFIDENTIAL SOURCE INFORMATION
[Deposition Exhibits 60 and 61- Confidential Source Testimony]

The Plaintiff moves the Court in accordance with Rule 104(a) of the Federal Rules of Evidence for entry of an order precluding the Defendants from attempting to introduce the documents identified as Deposition Exhibits 60 and 61 in this action or otherwise introducing evidence through documents, testimony or otherwise, and from mentioning in front of the jury, information that was provided to the Defendants from those persons identified by the Defendants as "Confidential Sources."  In support of his motion, the Plaintiff states the following:

Procedural History

1.	On April 29, 2016, the Plaintiff filed a motion to compel the Defendants to disclose the identity of those confidential sources that the Defendants testified were the persons they relied upon to broadcast that the Plaintiff provided funding for the April, 2013 Boston Marathon bombings, and to otherwise provide unredacted copies of the documents that had been produced previously. [Docket No. 88].

2. The Court held a hearing on the motion to compel on May 23, 2016. [Docket No. 93]. On August 9, 2016, the Court entered an Order directing the Defendants to disclose the names of two sources by August 17, 2016 [Docket No. 133].

3. The Defendants filed a motion to extend the time within which they had to make the disclosures required by the order to compel until August 24, 2016.  [Docket No. 135]  The Court allowed the motion extending the time. [Docket No. 136]

4. The Defendants sent a letter to the Court on August 24, 2016 stating that they will not comply with the Court's order. [Docket No. 138].

Confidential Source Documents

5. The Defendants premise their argument about truthfulness of their statements about the Plaintiff largely based upon two non-public documents that were allegedly produced to them by members of the Department of Homeland Security who they have refused to identity. The documents have been identified as Deposition Exhibits 60 and 61 and are attached to the Affidavit of Counsel Authenticating Certain Discovery Materials ("Aff. Counsel") as Exhibit B. These are documents that were not intended for public review. The Defendants placed them on the internet and spoke about them at length in their broadcasts.

6. One of the documents (Exhibit 61) refers to the classification of the Defendant under Section 212(3)(B)(i)(II) of the Immigration and Naturalization Act, 8 USC § 1182 (3)(B)(i)(II).

7. The Department of Homeland Security employs a data base known as the Treasury Enforcement Communications System or "TECS".  The other document (Exhibit 60) relied upon by the Defendants is a 4 page document consisting of screen shots from the TECS database that identify the Plaintiff as a person of interest to the Joint Terrorism Task Force and

state at the bottom of 3 of 4 pages, "This record has not yet been approved."

8.      The Defendants made inquiries to law enforcement sources about the documents who told them generally that the inclusion of the Mr. Alharbi on the documents was a mistake. [Aff. Counsel, Exhibit H (hereinafter "Weasel"), p. 43, ll. 9-10.]  This response was stated by the Secretary of Homeland Security on April 23, 2013 in public testimony before the Senate Judiciary Committee.  Secretary Napolitano in response to a question about the "Saudi student" stated:

> He was not on watch list. What happened is this student was – really when you back (ph) it (ph) he was in the wrong place at the wrong time. He was never a subject. He was     never really a person of interest. Because he was being interviewed, he was at that point put on a watch list. And then when it was quickly determined he had nothing to do with the bombing, the watch list status was removed.

Aff Counsel, Exhibit C, Deposition Exhibit No. 88, page ICE 14-1150.00013

9.      The government has convicted Mr. Tsarnaev of these crimes. [See, USA v. Tsarnaev, Criminal Action No. 13-10200-GAO]

10.     None of the documents evidencing the government investigation of the Boston Marathon crimes evidence any indication that the Plaintiff was the "money man" or otherwise responsible for or involved in the commission of these crimes.  See Alharbi v. theblaze, 2016 WL 4203402 *10 (2016).

### The Documents are not Admissible for the Truth of the Matters Stated

11.     Exhibits 60 and 61 are not admissible to prove the truth of the matters stated. They are hearsay and do not fall within the exceptions enumerated by Rules 803(6)(A)(C), nor are they self-authenticating under Rule 902. F.R.E. Rule 803(6)(A)(C); Rule 902  The documents are neither official, nor public.

### The Documents are Not Relevant as a Basis for the Defendants' Statements  - FRE 401

12.     Exhibits 60 and 61, to the extent they are offered not for the truth of the

statements, but as the basis for the Defendants statements, are not relevant to a determination that the Plaintiff's funded the attacks or that the Defendants had any basis for making such a statement. The documents do not include any statements or information that would have a "tendency to make a fact more or less relevant than it would be without the evidence." F.R.E 401. While the Defendants frequently invoke the documents as the basis for their statements, on examination, they do not actually support those statements.

<u>The Evidence is Misleading and Unfairly Prejudicial– FRE Rule 403</u>

13. Even if the Court were to find that the evidence was relevant, the Court should still exclude the evidence in accordance with F.R. E. Rule 403 in that it is misleading and unfairly prejudicial. F.R.E. Rule 403

14. The Court has ordered the Defendants to disclose the names of the parties who provided the documents to the Defendants. The Defendants have refused to comply with the Court's Order.

15. The Defendants' testimony about the confidential sources is "vague and contradictory." <u>Alharbi v. The blaze, Inc. et al.</u>, __ F. Supp. 3d __, 2016 WL 4203402 *9 [Docket No. 133]. The information allegedly provided by the confidential sources lacks any detail that might be expected; the Defendants offer no information on how the financing was accomplished; what funds were used for; when the financing took place; how funds were transferred; the amount of any financing; and the alleged nature of the Plaintiff's involvement. There are no notes or documents evidencing the alleged statements of the confidential sources.

16. The Court has recognized that the testimony of the confidential sources is the only means by which the Plaintiff can verify the existence of the confidential sources or what they allegedly told the Defendants. <u>Id</u>. at *9-10.

17.     Allowing the Defendants to rely upon documents provided to them by the Confidential Sources or testify directly, or through documents, about what the Confidential Sources told them, without affording the Plaintiff the right to examine those sources is unfair and unjust for the very reason recognized by the Court in allowing the Motion to Compel. Id.

18.     Permitting the Defendants to enjoy the benefits of this evidence without having to comply with the Court' order will unfairly prejudice the Plaintiff. The evidence should be excluded in accordance with Rule 403. F.R.E. Rule 403

Wherefore, Plaintiff prays that the Court enter an order precluding Defendants from attempting to introduce the documents identified as Deposition Exhibits 60 and 61 in this action or otherwise introducing evidence through documents, testimony or otherwise, and from mentioning in front of the jury, information that was provided to the Defendants from those persons identified by the Defendants as "Confidential Sources" and that the Court grant such other and further relief as is just.

/s/ Peter J. Haley
Peter J. Haley (BBO # 543858)
Gregory J. May (BBO# 642646)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Post Office Square – 30th Floor
Boston, Massachusetts 02109-2127
Telephone:    (617) 573-4700
Facsimile:     (617) 573-4710
Email: peter.haley@nelsonmullins.com
        greg.may@nelsonmullins.com

Dated: September 7, 2016

## **CERTIFICATE OF SERVICE**

      I, Peter J. Haley, hereby certify that on this 7th day of September, 2016 this pleading was served upon counsel to the Defendants in this action.

                                    */s/Peter J. Haley*
                                    Peter J. Haley