UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDULRAHMAN ALHARBI,<br><br>               Plaintiff,<br><br>– v. –<br><br>GLENN BECK; THE BLAZE, INC.;<br>MERCURY RADIO ARTS, INC.; AND<br>PREMIERE RADIO NETWORKS, INC.<br><br>               Defendants. | CIVIL ACTION NO.<br>1:14-cv-11550-PBS |

**DECLARATION OF COUNSEL IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS AND ENTRY OF DEFAULT JUDGMENT**

I, Michael J. Grygiel, hereby depose and state under oath as follows:

1. I am a shareholder in the law firm of Greenberg Traurig, LLP, and have been admitted *pro hac vice* in this action as counsel for Defendants Glenn Beck, TheBlaze Inc. (erroneously sued herein as "The Blaze, Inc."), Mercury Radio Arts, Inc., and Premiere Networks, Inc. ("Defendants"). I respectfully submit this Declaration in opposition to Plaintiff's motion for sanctions and entry of default judgment [Dkt. No. 141]. I am over the age of 21, competent to give this Declaration, and do so, except where noted, based on personal knowledge of the facts stated herein.

2. After reviewing the Court's August 9, 2016, Memorandum and Order [Dkt. No. 133] and August 10, 2016, Order for Pretrial Conference [Dkt. No. 134] (collectively, the "Orders"), I contacted Source 1's attorney, who advised that he was in the process of reviewing the Court's opinion on Defendant's summary judgment motion. In a phone call with Source 1's counsel early in the evening of August 10, 2016, I inquired whether his client would agree to have his/her name filed under seal with the Court and provide deposition testimony pursuant to a

protective order entered by the Court. Source 1's lawyer indicated that he did not think his client would be inclined to come forward under the conditions outlined in the Orders, but would discuss the matter with his client and get back to me.

3. On August 12, 2016, Source 1's counsel confirmed that his client was not willing to have his/her identity disclosed and would also not provide deposition testimony pursuant to the terms and conditions set forth in the Orders. The reasons for Source 1's declination were those identified in the May 13, 2016, Declaration of George E. ("Joe") Weasel III [Dkt. No. 89] submitted in opposition to Plaintiff's motion to compel disclosure of confidential source information – *i.e.*, Source 1 feared retaliation by the United States government, including potential exposure to criminal prosecution.

4. During this same time frame I asked Mr. Weasel, the former Executive Producer of TheBlaze's Documentary and Film Division, to contact Source 2 – who I also understand has retained independent legal counsel – to determine Source 2's willingness to be identified and provide deposition testimony in accordance with the Orders. Mr. Weasel subsequently informed me that he had spoken with Source 2, who would not agree to have his/her name disclosed under seal to the Court or to provide videotaped deposition testimony pursuant to a protective order entered by the Court. Like Source 1, Source 2 was concerned that doing so might portend drastic retaliatory consequences, including not only termination of employment with the federal government but also the loss of accrued employment benefits.

5. On August 24, 2016, I telephoned Source 1's counsel to inquire again whether his client would comply with the Court's Orders, and also suggested the following alternatives:

    (1) providing deposition testimony subject to a Court-entered protective order without disclosure of his/her name to Plaintiff's counsel;

    (2) in lieu of videotaped deposition testimony, submitting a sworn affidavit filed under seal with the Court that would confirm s/he was the source for certain

        of the statements on the broadcasts at issue and had provided information to TheBlaze based on Deposition Exhibit Nos. 60 and 61; and

    (3)    responding under oath to written interrogatories propounded by Plaintiff's counsel as an alternative to videotaped deposition testimony.

6.     A short while later on August 24, 2016, Source 1's counsel called me back and stated that his client remained unwilling have his/her name disclosed under any scenario in this litigation or to testify in a deposition pursuant to the Orders. Further, Source 1 had rejected my proposed alternatives.

7.     On August 24, 2016, I also spoke with Mr. Weasel by telephone and requested that he reach out again to Source 2 to obtain answers to the same series of questions I had presented on that date to counsel for Source 1.

8.     Within an hour, Mr. Weasel called me back and related that Source 2 had again refused to provide his/her name under seal to the Court or to testify in a deposition in accordance with the Orders, and had also rejected my alternative proposals.

9.     As a result of the above positions taken by Sources 1 and 2, I wrote the Court on August 24, 2016 [Dkt. No. 138] to explain that Defendants were unable to comply with its Orders.

PURSUANT TO 28 U.S.C. § 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON SEPTEMBER 7, 2016.           /s/ *Michael J. Grygiel*
                                                             Michael J. Grygiel

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 8, 2016 this document was served upon counsel to Plaintiff in this action.

                     */s/ Zachary C. Kleinsasser*
                     Zachary C. Kleinsasser