UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDULRAHMAN ALHARBI,<br><br>Plaintiff,<br><br>– v. –<br><br>GLENN BECK; THE BLAZE, INC.;<br>MERCURY RADIO ARTS, INC.; AND<br>PREMIERE RADIO NETWORKS, INC.,<br><br>Defendants. | **REDACTED VERSION**<br><br>CIVIL ACTION NO.<br>1:14-cv-11550-PBS |

## DECLARATION OF SCOTT T. BICK IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN CASE AND COMPEL DEFENDANTS TO COMPLY WITH SETTLEMENT

I, SCOTT T. BICK, hereby depose and state under oath as follows:

1. I am Senior Vice President, Tax for iHeartMedia Management Services, Inc. based in San Antonio, Texas, which provides corporate management services to a group of subsidiaries, including Premiere Networks, Inc., owned and operated by iHeartMedia, Inc. (the "Company"). I have held this position since 2008, in which capacity I oversee and manage all tax compliance functions and corresponding tax reporting obligations for the Company and its subsidiaries, including with respect to income, payroll, sales, property and a variety of indirect and other business taxes. The Company annually files with the Internal Revenue Service ("IRS") a consolidated federal tax return that incorporates the returns of all of its includible subsidiaries. I am over the age of 21, competent to give this Declaration, and do so, except where noted, based on personal knowledge of the facts stated herein.

2. In the standard course of its business, The Company and its subsidiaries sponsor in any given year numerous musical entertainment events, concerts and festivals at locations

throughout the United States. At times foreign artists may perform at the Company's events and are compensated for doing so. The Company and my department review the documentation provided by the performer to determine if tax withholding will be required in connection with the payments to the artist. If the Company determines that tax withholding is required per Internal Revenue Code Section 1441 and the Regulations thereunder, the proper amount of withholding will be held back from the payment to the artist and submitted to the IRS on their behalf. Absent documentation provided by the non-resident performer establishing that they are exempt from withholding or noting a specific withholding percentage, the Company is required to withhold 30% on the payment. This review of the tax withholding requirements is undertaken by my office with the involvement and review of the Company's Legal Department to ensure full and complete compliance with its annual reporting obligations under federal tax law. If withholding is required the Company's accounts payable department will process the withholding when submitting the payment to the recipient and the amount withheld will be submitted to the IRS.

3. I am advised by counsel and understand that the Settlement Payment made to Plaintiff Abdulrahman Alharbi is gross taxable income under the Internal Revenue Code subject to mandatory 30% withholding. Moreover, because of the fact that Plaintiff is a citizen of the Kingdom of Saudi Arabia who is present in the United States on an F-1 student visa, Premiere is legally responsible for income tax withholding as the Payor of the Settlement Payment, notwithstanding that the funds were wired to the account of Plaintiff's attorneys. Owing to Premiere's actual knowledge that Plaintiff's attorneys received the Settlement Payment as the agent of a non-resident foreign national, Premiere is legally obligated to treat the Settlement Payment as having been made to Plaintiff as the Payee. This context is therefore no different in substance than the requisite 30% income tax withholding the Company routinely undertakes in

the ordinary course in connection with the compensation payments it makes to foreign artists which are not demonstrably exempt from tax withholding requirements.

4. Premiere wire transferred the Settlement Payment on September 27, 2016. As confirmed by the electronic account debit reference below, Premiere paid the required 30% withholding tax on the Settlement Payment to the United States Treasury on October 7, 2016:

[redacted]

5. Thus, Premiere has remitted payment in the full amount set forth in the Settlement Agreement, and is not gaining any time value of money through its good faith compliance with federal tax law requirements in this instance.

6. If Premiere did not withhold 30% of the Settlement Payment for income tax reporting purposes, and the withholding amount was not paid to the IRS, Premiere would be in violation of federal law and Treasury Department regulations, and could be exposed to fines and penalties levied by the IRS.

7. Prior to the required filing date of March 15, 2017, Premiere will issue a Form 1042-S (Foreign Person's U.S. Source Income Subject to Withholding) to Plaintiff confirming payment in the full amount called for under the Settlement Agreement and indicating the amount of income tax withheld as required by federal law.

**PURSUANT TO 28 U.S.C. § 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**EXECUTED ON OCTOBER 16, 2016.**

*/s/ Scott T. Bick*
**SCOTT T. BICK**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served electronically on October 17, 2016 upon counsel for Plaintiff at the address peter.haley@nelsonmullins.com.

                                                                  */s/ Michael J. Grygiel*

ALB 1967765v2